## C. L. ROBINSON *v.* W. H. LEWIS.

TAX-TITLE.    *Tenant in common.    Husband and wife.    Estoppel.*
> One whose wife owns an undivided interest in land is, on grounds of public policy, disqualified from purchasing at a tax sale .the interest of her co-tenant therein.

FROM the chancery court of the second district of Hinds county. HON. WARREN COWAN, Chancellor.

The appellee, Lewis, filed the bill in this case to confirm a tax-title to an undivided half interest in certain land, acquired by him at a sale for taxes in March, 1887. At and before that time, his wife owned the other interest. She and her brother, J. A. Criddle, were tenants in common of the land, each owning an undivided half interest. Some time prior to the tax sale, the interest of Criddle was sold under execution, the appellant, Robinson, becoming the purchaser, and he had a lengthy litigation with other parties in regard to this interest. Pending this litigation, Lewis purchased the said Criddle's half interest, his wife being tenant in common, owning the other half interest, as before stated.

Robinson was made a defendant to the bill filed to confirm the tax-title, and made his answer a cross bill, setting up the foregoing facts and seeking to vacate the tax-title. From a decree confirming the title he prosecuted this appeal.

*E. E. Baldwin,* for appellant.

A tenant in common cannot purchase a tax-title and hold it as against the share of his co-tenant. By his purchase at a tax sale, he merely acquires a lien, and not a title. *Day* v. *Cochran,* 24 Miss. 261 ; *Davidson* v. *Wallace,* 53 Ib. 475 ; *Allen* v. *Poole,* 54 Ib. 334 ; *Harrison* v. *Harrison,* 56 Ib. 174 ; *McGee* v. *Holmes,* 63 Ib. 50 ; *Fox* v. *Coon,* 64 Ib. 465.

Nor can any other person who is in privity with the co-tenant, or by his contrivance, acquire such title. *Hardeman* v. *Cowan,* 10 S. & M. 486 ; *Taylor* v. *Eckford,* 11 Ib. 2.

This is true of a wife or brother-in-law. *Cameron* v. *Lewis,* 56 Miss. 601.

Where the husband is so situated that he cannot purchase, the wife cannot acquire title, and *vice versa.*     *Hardeman* v. *Cowan* and *Taylor* v. *Eckford, supra.*

*D. S. Fearing,* for appellee.

Lewis, the purchaser at the tax sale, was not a party to or in any way interested in any litigation between Robinson and the other parties as to the land in controversy, nor did he have any interest in the land.    If it was ever true that the husband could not purchase under the circumstances of this case, it cannot be true in this state under the code of 1880, which emancipates married women and puts an end to all their common-law disabilities.

It is true that one cannot acquire an interest in a tax sale adverse to his co-tenant; but there is no such proposition as that in this case.    Complainant had no interest whatever in the land.    He could not be deprived of purchasing the undivided interest that was sold, simply by reason of the fact that his wife owned the other interest in the land.

COOPER, J., delivered the opinion of the court.

The decree of the court below must be reversed because of the incapacity of the complainant to purchase at a sale for taxes the interest of the co-tenant of his wife in the land.    One co-tenant may not thus defeat the title of another to the common estate.    *Harrison* v. *Harrison,* 56 Miss. 174 ; *Fox* v. *Coon,* 64 Miss. 465 ; 1 South. Rep. 629.    The spouse of the co-tenant is equally disqualified.    Freem. Co-Ten. § 160 ; *Lee* v. *Fox,* 6 Dana, 172 ; *Burns* v. *Byrne,* 45 Iowa, 285 ; *Rothwell* v. *Dewees,* 2 Black, 613 ; *Busch* v. *Huston,* 75 Ill. 343.    In *Cameron* v. *Lewis,* 59 Miss. 134, and *Carter* v. *Bustamente,* Id. 559, this court repudiated what had been said in *Hardeman* v. *Cowan,* 10 Smedes & M. 486, and *Taylor* v. *Eckford,* 11 Ib. 21, to the effect that the wife was in privity of estate with the husband, and that a purchase by her of a paramount title inured by operation of law to the benefit of a prior grantee of the husband.    But it was distinctly said in *Cameron* v. *Lewis,* that an estoppel *in pais,* operative against the hus-

band, would be applied against the wife. In *Carter* v. *Bustamente,* the land had been struck off to the state, and, after the title had become absolute by the lapse of the period of redemption, a purchase was made by the wife of the former owner. In an action of ejectment (involving of course only the legal title), brought against the wife by one who claimed as purchaser under an incumbrance by the husband, we held that the title conveyed by the state to the wife did not inure by operation of law to the plaintiff in ejectment, and therefore that he had no legal title to the land, and, because he did not, could not recover in ejectment. If the rule which prevents one spouse from securing a title where the other is disqualified rested only upon a supposed privity of estate between them, it might well be argued that our statutes upon the subject have destroyed its foundation. But the rule is founded upon considerations of public policy, and conclusively imputes to the one, as derived from the other, knowledge of those facts the existence of which precludes the other from action. The opportunities that would be afforded for fraudulent practices would be so numerous, and the difficulty of exposing them so great, that courts apply the doctrine of estoppel to both, and thus close the door that offers the temptation.

*The decree is reversed.*