CLARA T. COHEA ET AL. *v.* JOHN HEMINGWAY ET AL.

1. POWER. *Execution thereof. Deed by executor. Individual interest.*

Where an executor has an individual interest in land, a deed by him, though assuming to convey a complete title, if it makes no reference to his representative character, or to the execution of the power in that capacity, passes only his individual interest. *Yates* v. *Clark,* 56 Miss., 212.

2. TAX-TITLE. *Tenant in common. Incapacity to acquire.*

The purchase by a tenant in common of a tax-title to the common property, though he is not in possession, operates merely as an extinguish-

ment of such title for the benefit of all the owners, and only gives the right to charge the cost on the property.

FROM the circuit court of the first district of Hinds county. C. M. WILLIAMSON, ESQ., Special Judge.

Perry Cohea died, leaving an estate, consisting in part of lands in the city of Jackson. He devised all of his estate, and there were three executors of his will. Two died and the other resigned. In 1872, W. B. Jelks was appointed administrator with the will annexed. He was a grandson of Cohea, and, as devisee, was entitled to an undivided one-fifteenth interest in the estate. He had possession of the land in Jackson, and, without authority of court, sold a large portion of it in lots to different parties. In some instances he made deeds as administrator, and, in others, as an individual. On March 6, 1882, Jelks being in possession, one lot, part of this land, was sold to the state for the taxes of 1881, which taxes were assessed to him. On November 18, 1882, before the expiration of the one year allowed for redemption, the said W. B. Jelks, without an order of court, sold and conveyed this lot, by a warranty deed, to W. L. Hemingway, though it seems that Hemingway never went into possession until after the expiration of the redemption period. On July 25, 1883, after such period for redemption, the state sold the lot to J. M. Buckley, who, on December 14, 1883, made a quit-claim deed of the same to said W. L. Hemingway. On June 19, 1889, this action of ejectment was brought by the appellants, who are the heirs and devisees of Perry Cohea, other than W. B. Jelks, to recover fourteen-fifteenths of said lot. The defendants were tenants of W. L. Hemingway, who was admitted to defend. The deed from Jelks to Hemingway purported to convey the entire interest in the land, and was signed by the grantor individually, no reference being made to the fact that he conveyed as administrator. Hemingway went into possession in 1883, and held continuously afterwards. Plaintiffs made no tender of the taxes for which the land had been sold.

Judge Chrisman, being disqualified, by agreement C. M. Williamson, a member of the bar, was selected to preside, and the case was tried before him without a jury. A judgment was rendered in favor of defendants, from which plaintiffs appeal.

*E. E. Baldwin,* for appellants.

1. There is nothing in the deed from Jelks showing that he intended to convey any thing more than his individual interest. The position of counsel for appellee, that when he conveyed as an individual, his deed carried with it all interest which he held in a representative capacity, is unsupported by authority.

2. A person in possession under invalid title cannot purchase a tax-title and set it up as a defense. And the same disability precludes him from pleading the three years statute of limitation. *McGee* v. *Holmes,* 63 Miss., 50; *Pool* v. *Ellis,* 64 *Ib.,* 555. Nor can he claim any advantage through a tax-title purchased by another. *Rule* v. *Broach,* 58 Miss., 552.

We submit that by his deed from Jelks, Hemingway only got the individual interest, which was one-fifteenth, and that the purchase of the tax-title by him operated merely as a redemption.

*Calhoon & Green,* for appellees.

The land, being assessed to Jelks, was sold March 6, 1882. The year for redemption expired, and the state sold it to Buckley, subject to the right of the owners, who were infants, to redeem their interests within one year after attaining majority. Buckley conveyed to Hemingway, who thereby secured the same perfect title, subject to the rights of the infants.

Jelks made a warranty deed, conveying the whole lot to Hemingway after the land had been sold for taxes, but before the time for redemption expired. Appellants are forced to the position that W. L. Hemingway, although never in pos-

session or enjoying the pernancy until after the period for redemption expired, could not take or hold possession adversely to them or acquire title from Buckley. This position is untenable. *Rule* v. *Broach*, 58 Miss., 552; 63 *Ib.*, 50; 64 *Ib.*, 555; Black on Tax-titles, § 141.

There was no privity between appellants and Cohea's heirs. After the land was sold to the state, he bought it, but took a conveyance of the lot by a warranty deed from the one of them to whom it was assessed, and never took possession until after the time for redemption, and until after Buckley, a stranger, had acquired the state's title. The title he acquired from Jelks was, so far as he was concerned, adverse and hostile to the Cohea heirs.

Hemingway was under no obligation to pay taxes, not being in possession as a co-tenant, or at any rate unless he had acquired a joint interest before the sale for taxes.

If the tax-title is good, as we insist it is, an affirmance must follow, as all the appellants are barred by the one year statute for redemption. If they are not barred, still they must lose, because they have not tendered the amount of the taxes.

The deed of Jelks was enough to convey title, although he did not affix the word " administrator " after his signature. It was a personal power under the will, first vested in three persons, and went to him on his qualification as administrator with the will annexed. He was dealing with the land of the decedent, which he had the power to sell, and there can be no talismanic virtue in a mere addition to his signature. See *Crusoe* v. *Butler*, 36 Miss., 150; *Sandifer* v. *Grantham*, 62 *Ib.*, 412; *Columbus Ins. Co.* v. *Humphries*, 64 *Ib.*, 258; *Cohea* v. *Johnson*, 69 *Ib.*, 46.

Argued orally by *E. E. Baldwin*, for appellant, and *S. S. Calhoon*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The conveyance to Hemingway by Jelks was not in execu-

tion of the power of sale he had as administrator *de bonis non cum testamento annexo* of Perry Cohea, and cannot be referred to that, for he had individually an interest in the land conveyed, and could and did convey that; and, as he made no reference in any way to his representative character, or executing the power he had in that capacity, his conveyance cannot be referred to or connected with that. *Yates v. Clark*, 56 Miss., 212.

By his purchase he became co-tenant with fourteen others (plaintiffs), and, in purchasing the tax-title from Buckley, merely extinguished it for the benefit of all the owners, and the extent of his right as to this is to charge the cost on the common property.

That he was not in possession does not make any differerence. A co-owner, whether in or out of possession, may not buy and hold a tax-title against other co-tenants.

*Reversed and remanded.*