# CHARLESTON

## FLAT TOP GROCERY COMPANY *v.* BAILEY.

Submitted January 22, 1907.    Decided April 18, 1907.

TENANTS IN COMMON—*Rights Inter se—Contribution.*

An acre of land in Bluefield, Mercer county, bounded on one side by Mercer Street, on another by Bluefield Avenue, on another by the N. & W. Railroad property, was laid off into eight lots, Nos. 1, 2, 3 and 4 fronting on Mercer street and running back with Bluefield Avenue to the line of lots 5 and 6 which line ran from Bluefield Avenue to the N. & W. Railroad.    B. owner of lot 1, H. Owner of lot 2, C. B. owner of lot 3 and F. owner of lots 5 and 6, desiring in common an alleyway ten feet wide from the line of lot 4 to Bluefield Avenue along the line of lots 5 and 6, on the 16th of February, 1892, executed and caused to be duly recorded an *inter partes* deed

whereby the said several owners granted and conveyed each to the others with general warranty of title, in consideration of the privileges and easements therein granted each to the others, a strip of five feet in width from their respective lots along the said line of lots 5 and 6 running from the line of lot 4 to Bluefield Avenue all of which conveyances were to the grantees their heirs and assigns forever, all the parties reserving to themselves respectively their rights in the easement on the parcel conveyed. Prior to the execution of said *Inter partes* deed F. had made a deed of trust conveying lots 5 and 6 to secure a debt, under which deed of trust lot 5 was sold by the trustee and conveyed to a stranger who sold and conveyed same to B. *Held:* The purchase by B. as to the five feet strip of said lot 5 inured to the benefit of all parties entitled to the easement in the alley; and further, such other parties are liable to B. for their respective proportionate shares of the amount paid by said B. for said strip so purchased by him. (p. 89.)

Appeal from Circuit Court, Mercer County.

Bill by the Flat Top Grocery Company against E. L. Bailey and others. Decree for plaintiff. Defendant Bailey appeals.

*Affirmed.*

H. A. RITZ, for appellant.

R. C. & BERNARD McCLAUGHERTY and A. W. REYNOLDS, for appellee.

McWHORTER, JUDGE:

E. L. Bailey was the owner of an acre of land in the City of Bluefield in Mercer county which he laid off into lots numbered from 1 to 8 inclusive, and sold lots Nos. 2, 3, 4, 5 and 6, retaining lot No. 1. Lots Nos. 1, 2, 3 and 4 fronted on Mercer Street, the line of No. 1 running back with the line of Bluefield Avenue (formerly Princeton Avenue) to the line of lots Nos. 5 and 6, the side lines of which run parallel with Mercer Street, the first mentioned four lots running back to the side line of said Nos. 5 and 6. The said E. L. Bailey owner of lot No. 1, C. C. Bailey of lot No. 3, W. S. Foutz of lots Nos. 5 and 6 and W. R. Hudson of lot No. 2, desiring to have an alleyway ten feet wide running back from said Bluefield Avenue towards the Norfolk & Western Railroad, being five feet on either side of the side line of lots Nos. 5 and 6 as far back towards the railroad as to the line of lot No. 4, made a deed each conveying to the others in con-

sideration of the privileges and easements granted each to the others with general warranty the strip of five feet off the ends of lots Nos. 1, 2 and 3 and off the side of lots Nos. 5 and 6 to be used as a private way or easement by the said parties, their heirs and assigns forever. This deed was made on the 16th day of February, 1892, and duly admitted to record on the 3rd day of March, 1892. Prior to the making of said deed, W. S. Foutz and wife on the 13th day of November, 1891, had conveyed their said lots Nos. 5 and 6 to W. W. McClaughtery, trustee, to secure a loan of $1200 to the Holston National Building & Loan Association, of Bristol, Tennessee; and on the 8th of September, 1892, the said Foutz and wife executed another deed of trust on the same lots to the same trustee to secure a further loan to the same Building & Loan Association of $800. Afterwards the trustee for the Building & Loan Association foreclosed the said trust deeds and sold the said lot No. 5 thereunder—lot No. 6 having been released from the lien—the said *cestui que trust* becoming the purchaser and by deed of December 31, 1901, the trustee conveyed the said lot No. 5 without regard to the said alley to the said Building & Loan Association. By deed of April, 29, 1903, the said Building & Loan Association conveyed the said lot to W. W. McClaugherty, who in turn conveyed the same to said E. L. Bailey. It is admitted that it was bought by McClaugherty for Bailey, who then being the owner of the whole lot proposed to put a building thereon covering the whole front of said lot on Bluefield Avenue, thus closing five feet of the said alley, thereby destroying it for all practical purposes.

The Flat Top Grocery Company, which had become the owner of lots Nos, 3, 4 and 6 by regular conveyances, filed its bill in equity in the circuit court of Mercer county against E. L. Bailey and the Holston Building & Loan Association praying that defendant Bailey be inhibited and enjoined from constructing the proposed building on said alley or otherwise obstructing the same and depriving plaintiff of the use thereof to its irreparable damage; that its title to the easement be quieted and that the estoppel by warranty and dedication be enforced by decree against the defendant and that he be enjoined from in any manner interfering with the free and unobstructed use of the said alley by the plaintiff and that

the easement of said alley be declared appurtenant to all of the lots of plaintiff.

The defendant E. L. Bailey and the Holston Building & Loan Association filed their separate and several answers to which the plaintiff replied generally. The plaintiff filed its amended bill offering to pay to the defendant Bailey any sum that the court might determine that it should pay as its proportion of the sum paid by Bailey for the outstanding title to that portion of the alley in controversy. Depositions were taken in the case by which, among other things, the chain of title of the plaintiff was proved by the introduction of deeds to the said lots Nos. 3, 4 and 6. On the 17th day of August, 1905, the cause came on to be heard, at which hearing the amended bill not having been matured at rules was considered in the determination of the cause as a mere written offer by the plaintiff—which was the whole substance of the amended bill—to pay the defendant E. L. Bailey such sum as the court might determine that it should pay as its proportion of the sum paid by Bailey for the outstanding title to that portion of the alley in controversy, when the court was of opinion upon consideration of the cause that the preliminary injunction should be perpetuated upon the payment by the plaintiff to E. L. Bailey an equitable proportion of the sum paid by Bailey for the outstanding title and referred the cause to a commissioner to ascertain such amount, and ordered that the preliminary injunction awarded in the cause should be continued in force until the further order of the court. The commissioner filed his report reporting the equitable proportion to be paid by plaintiff at the sum of $750, basing his report upon the damages sustained by the said Bailey by taking off the five feet from said lot instead of ascertaining what he had paid for the lot and what would be an equitable proportion of what it had cost him to buy in the outstanding title as directed by the court. The plaintiff excepted to the report of said commissioner on these grounds, which exceptions were properly sustained by the court as the finding was in no sense a response to the inquiry made by the court and referred to said commissioner. The court ascertained the amount by taking one-tenth of the sum of $4550, the amount paid by the defendant for the whole of lot No. 5, the same being a lot fifty feet front on Bluefield Avenue,

making the amount of $455 paid by Bailey for the strip of five feet, being the one-half of the alley; and required the plaintiff to pay said Bailey $227.50, the one-half of the cost of purchasing the outstanding title to the five feet and continued in force the preliminary injunction until the plaintiff could have an opportunity to pay or tender to said Bailey the said sum.

On the 25th day of May, 1906, it being shown to the court that the plaintiff had tendered to E. L. Bailey on the 3rd day. of April, 1906, the sum of $228.17, being the amount directed by decree of February, 17, 1906, to be paid, with interest thereon to the date of tender, which the defendant Bailey had refused to accept and on motion of the plaintiff leave was granted it to pay into court the sum of $230.07, being the amount ascertained to be due Bailey, including interest to date, which was paid to the general receiver of the court, whereupon it was adjudged, ordered and decreed on motion of the plaintiff that the preliminary injunction be perpetuated. From which decree the defendant Bailey appealed.

The deed dated February 16, 1892, created the said alley for the mutual convenience and benefit of all the owners of the said lots. It is contended by appellee that the defendant E. L. Bailey is estopped from obstructing and interfering with the plaintiff's easement in the alley by his warranty set forth in the deed of February 16, 1892, whereby the easement was created and that the defendant Bailey is a tenant in common with the plaintiff in that part of the alley he is seeking to obstruct by virtue of the grant thereof by Foutz and wife to the appellant Bailey, W. R. Hudson and C. C. Bailey jointly. By the execution of said deed Foutz and wife granted with general warranty that portion of the alley to the said E. L. Bailey, W. R. Hudson and C. C. Bailey who thereby became tenants in common and the plaintiff having succeeded by grant to the title and ownership of the lots then owned by C. C. Bailey and Hudson and the easement in this alley appurtenant thereto became a tenant in common with the appellant E. L. Bailey and his purchase of the outstanding title inured to the benefit of the plaintiff as his co-tenant. The deed first grants the strip five feet wide from Bluefield Avenue back towards the railroad along the

line of lots Nos. 5 and 6 to the corner of lot No. 4. This grant is followed by the grant from E. L. Bailey with general warranty to said Foutz, Hudson and C. C. Bailey for the strip five feet in width running from said Bluefield Avenue to his back line of lot No. 1. The closing of this part of the alley taken from the side of lot No. 5 would entirely defeat the object of the conveyance of all the parties to said deed for their mutual benefit. By this deed each grantor warrants generally to each and all of the others an easement appurtenant to his property and to their respective heirs and assigns. The clear intention of the deed was to establish the joint and mutual rights of all the parties thereto in the equal, free and unobstructed use of the whole of the alley. This intention is made clear by the last clause in said deed which is as follows: "It is expressly understood and agreed by and between all the parties to this deed that the grantors herein mentioned reserve to themselves all the rights granted to the grantees in each of the parcels of land herein granted and it is further understood that in the above descriptions of the parcels of land herein mentioned and conveyed that the directions as in said descriptions given corresponds with a survey and plat made by W. L. Marshall, Eng'r, on the 15th day of June, 1891, for said W. S. Foutz and E. L. Bailey."

By the several grants in the deed the easement thereby established became an entirety. E. L. Bailey having warranted generally the easement upon the five feet strip of land so conveyed by him, the purchase of the outstanding title to the strip lying alongside of it must inure to the benefit of his grantees and their successors in the title because the strip covered by the outstanding title was absolutely necessary to the use and enjoyment of the easement upon the strip granted and conveyed by him to his co-tenants, which easement thereon was warranted by him. That portion of the alley now claimed by Bailey under his purchase of the outstanding title was granted by Foutz and wife to said Bailey, Hudson and C. C. Bailey jointly and the three persons became tenants in common thereof, and the plaintiff succeeds to all the rights of C. C. Bailey and W. R. Hudson by conveyance of the lots to which the alley had become appurtenant at the time of the purchase of the outstanding title by Bailey, and the plaintiff being a co-tenant or tenant in common with him

in the said alley the purchase by Bailey inured to the equal benefit of all the co-tenants therein. In *Cecil* v. *Clark*, 44 W. Va. 659, it is held: "As a general rule, a tenant in common cannot purchase to his exclusive benefit an outstanding adverse incumbrance or title to the common property." In *Forrer* v. *Forrer*, 22 Grat. 134, in delivering the opinion, at page 144, Judge Staples in referring to this question says: "This rule is based upon the community of interest in a common title, creating such a relation of trust and confidence between the parties that it would be inequitable to permit one of them to do anything to the prejudice of the other in reference to the common property. This principle equally applies to joint tenants, tenants in common, co-partners and all others having a common title and interest." Citing *Bothwell* v. *Dewees*, 2 Black U. S. 613; *Buchanan* v. *King*, 22 Grat. 414. See also 17 A. & E. E. L. 674, and cases there cited.

It is claimed on the part of the appellant that the rule just stated only applies during the continuance of co-tenancy; that when the lot 5 was sold to the Building & Loan Association the co-tenancy ceased and Bailey had the right to purchase the whole lot including the five feet strip to the exclusion of all the others; that Bailey's general warranty did not include or extend to the strip conveyed by Foutz. But we must remember that the *inter partes* deed was made for the benefit of all and Bailey's general warranty was for the benefit of all in the use of the strip conveyed by him from the end of lot No. 1 to be used for a special purpose—an easement thereon which could only be used in connection with the strip conveyed by Foutz off lot No. 5. Now if Bailey is permitted by his voluntary act to purchase and hold exclusively the said strip, his warranty by that act as to the strip conveyed by him off the end of lot No. 1 is rendered wholly nugatory and fails by his own act, the easement created by the said deed for the purposes intended is thereby destroyed and rendered utterly useless. The purchase by Bailey of the said strip must be held to be for the benefit of all persons entitled to enjoy the easement, they being liable, however, to Bailey for their several proportionate shares of the amount paid by Bailey for said five feet strip of lot No. 5.

We see no error in the decree and therefore affirm the same.

*Affirmed.*