# CHARLESTON.

### FULLER *et al. v.* EDENS.

Submitted June 10, 1910.     Decided January 30, 1912.

1.    TAXATION—*Tax Sale of Wife's Lands—Purchase by Husband.*
     A husband cannot acquire valid title to his wife's land by becoming a purchaser thereof at tax sale and taking a tax deed therefor. (p. 249).

2.    SAME—*Tax Sale—Tax Title.*
     One who takes a conveyance of a tax title can claim no benefit from it if the record shows fatal defects or irregularities pertaining to it, or if he had actual knowledge of facts rendering it invalid. (p. 249).

3.    SAME—*Tax Deed—Action to Set Aside—Tender of Taxes.*
     In a suit to set aside a tax deed, a tender of the taxes is not essential if it was the duty of the purchaser at the tax sale to pay the same. (p. 250).

Appeal from Circuit Court, Kanawha County.

Bill by Fannie J. Fuller and others against Bettie F. Edens. Decree for plaintiffs, and defendant appeals.

*Affirmed.*

*S. D. Littlepage* and *Linn & Byrne,* for appellant.

*A. M. Belcher,* for appellees.

ROBINSON, JUDGE:

This appeal is one from a decree setting aside a tax deed and annulling subsequent conveyances of the real estate to parties having notice of the invalidity of the tax purchase and deed.

The case involves this question: Does the husband acquire good title to the wife's land by becoming a purchaser thereof at tax sale and taking a tax deed therefor? The authorities are unanimous in answering the question in the negative. "It is a general rule that neither husband nor wife can purchase the other's land at a tax-sale." 37 Cyc. 1350. The rule is approved by leading authors: Black on Tax Titles, sec. 286; Minor on Tax Titles 66, 67. The adjudicated cases uphold the principle: *Lalon* v. *Balcom,* 64 N. H. 92; *Burns* v. *Byrne,* 45 Iowa 285; *Herrin* v. *Henry,* 75 Ark. 273; *Ward* v. *Nestell,* 113 Mich. 185; *Robinson* v. *Lewis,* 68 Miss. 69; *Warner* v. *Broquet,* 54 Kan. 649; *Peck* v. *Ayres,* 79 Kan. 457. Indeed we are not disposed to deal with the subject further than to quote approvingly the following: "It would be a startling doctrine that a husband may possess and enjoy the profits of his wife's real estate, neglect to pay the taxes, purchase the property at the sale for the delinquency, and acquire a valid title. Such a refusal or neglect to pay taxes would be a fraud upon his wife, and would vitiate the title acquired." *Burns* v. *Byrne, supra.*

The husband conveyed to his second wife the tax title which he obtained to the land of his first wife before her death. This he accomplished by the use of the father of the second wife as in intermediary. He conveyed to her father, and the latter on the same day conveyed to her. It is submitted that the court could not annul these subsequent conveyances. Clearly, it could do so. The grantees of the invalid tax title had notice of its invalidity. They had notice by the record. Besides the whole transaction reflects an effort by fraud and collusion to

put the property of the first wife beyond the reach of her children, so as to be beneficial to the second wife. Under all the circumstances we may reasonably infer that these subsequent grantees had actual notice. "One who takes a conveyance of a tax title can claim no benefit from it if he had actual knowledge of facts which render it invalid, or if the records show on their face fatal defects or irregularities." 37 Cyc. 1485.

This case is not of the character of those in which it is necessary for the bill to tender the taxes. The husband's marital duty was to pay the taxes for the wife. His making the tax purchase was a payment of the taxes by her. After her death it was his legal duty to pay them as tenant by the curtesy. Why should a tender be made under such circumstances? No taxes are due from the plaintiff heirs of the first wife, who inherited the real estate. Then why is a tender essential? The rule requiring tender presupposes an obligation to pay.

The decree is manifestly a proper one in the premises. It will be affirmed.

*Affirmed.*