# CHARLESTON

ABBOTT v. WILLIAMS *et als.*

Submitted June 23, 1914.   Decided June 30, 1914.

1. TENANCY IN COMMON—*Purchase at Tax Sale—Redemption.*
   If the husband of a cotenant purchase at a tax sale the common land, or the interest of a purchaser thereof before deed obtained, and thereafter obtains a tax deed, such purchase, at the election of such cotenants, or any of them, will be treated as a redemption of the land, and enure to their benefit, and the rule is the same whether the wife's estate in the land be a common law estate or her separate estate.  (p. 653).

2. SAME—*Tax Sale—Purchase by Cotenant—Rights of Parties.*
   But to avail themselves of that right, before or after deed, each cotenant must within a reasonable time after notice of such purchase, make his election to claim the benefit thereof, and come in and repay or contribute to the purchaser his proper proportion of all taxes, interest, costs and damages paid or incurred since the date of the purchase; and it is error in the suit of one cotenant who has so elected, to decree in favor of others who have not intervened for the purpose, or have not so elected.   Such right is personal to each, and until he has so elected, the tax purchaser is entitled to the benefit of his purchase.  (p. 653).

Appeal from Circuit Court, Boone County.
Suit by L. L. Abbott against A. G. Williams and others.

Decree for plaintiff, and defendant John P. Cooper appeals.
*Reversed and Remanded.*

*John E. Blake* and *W. B. Mullens,* for appellant.

*Leftwich, Byrnside & Shaffer,* for appellee.

MILLER, PRESIDENT:

In a suit to partition two tracts of land, and as incident thereto to set aside and remove as clouds on the title of plaintiff and other cotenants of one of said tracts a certain tax deed to the husband of one of them, and subsequent deeds depending thereon, the main question presented for decision is, can the husband of one cotenant having a separate estate, and not a common law estate in land, purchase the common estate at a tax sale and hold the same to the exclusion of such cotenants other than the wife, after tax deed obtained and before redemption thereof by the cotenants?

It is conceded that under our decisions, and the decisions of the courts everywhere, such a purchase by the husband of his wife's land if the same be a common law estate or interest would amount to nothing more than a redemption from forfeiture, enuring to her benefit and the benefit of her cotenants. *Fuller* v. *Edens,* 70 W. Va. 248; *Cain* v. *Brown,* 54 W. Va. 663; *Morris* v. *Roseberry,* 46 W. Va. 24; *State* v. *Eddy,* 41 W. Va. 95; *Curtis* v. *Borland,* 35 W. Va. 124; *Battin* v. *Woods,* 27 W. Va. 58; *Summers* v. *Kanawha,* 26 W. Va. 169.

But it is earnestly contended that if such lands be the separate estate or interest of the wife, and in which the husband now has no interest whatsoever, until the death of the wife, no such disability exists; that having no possession, or right of possession, nor being legally or morally bound to pay his wife's taxes, he is free to buy lands in which she has such separate estate, and to acquire a good tax title thereto as against everybody, except the wife. The case of *Fuller* v. *Edens, supra,* involved the wife's separate estate, so alleged in the amended bill, and the rule of disability was applied to the husband in favor of the heirs. The question here presented was not raised, and not properly involved perhaps, because it is conceded, that because of his marital relations, a

husband purchasing lands of his wife, would hold the title in trust for her.

It is admitted, however, that *Robinson* v. *Lewis*, 68 Miss. 69, 10 L. R. A. 101, one ·of the cases cited approvingly in *Fuller* v. *Edens, supra,* decides the exact point presented, adversely to the contention of appellant's counsel. But it is said, *arguendo,* that the cases cited by the Mississippi court either do not support the proposition or involve common law estates, and not separate estates of married women. But, as the Mississippi court says, this disability of one spouse to acquire at a tax sale the land or interest in land of the other does not rest on privity of estate, but upon considerations of public policy. And in *Laton* v. *Balcom,* (N. H.) 10 Am. St. Rep. 381, 382, a decision on which appellant's counsel mainly rests his case, the New Hampshire court says: "The obligations and duties of husbands and wives to each other, both express and implied, create such relations of trust and confidence between them that neither can acquire the other's property by clandestine payment of taxes." There, as here, defendant relied on the enlarged property rights given by statute to married women. To this suggestion the court replied: "In this respect husband and wife are still a legal unit; for while the legislation on which the defendant relies has greatly enlarged the property and civil rights of the wife, and materially diminished the liabilities and powers of the husband, it has proceeded on the ground of equal right of personal liberty and of ownership and control of property, and not on the ground of dissolving or in any degree impairing the relations of trust and confidence which marriage presupposes, and which are made by the marital contract an essential part of the marital relation." While the New Hampshire court does hold that a husband of a mortgagee may by purchase at a tax sale acquire the title of the mortgagor, but may not become the purchaser for his own benefit, as against his wife, nevertheless, that action being a writ of entry, and the plaintiff's ancestor having paid the mortgage in favor of the wife after a decree of foreclosure, judgment was given against the husband of the mortgagee, the tax purchaser, for the property

so purchased. So we think the decision rather against than in favor of the theory of appellant's counsel.

We are disposed to hold, therefore, as held by the Mississippi court, that the purchase at a tax sale by either spouse of land in which the other is a cotenant enures to the benefit of the cotenants, who within a reasonable time after notice make their election to claim the benefit of the purchase and to contribute to the costs and expenses incurred by the purchaser, agreeably to the principles enunciated in *Buchanan* v. *King*, 22 Grat. 414, and our case of *Morris* v. *Roseberry*, *supra*, and other cases.

But now the serious question presented is, whether the plaintiff below and the other appellees in whose favor the tax deed and all subsequent deeds based thereon have been set aside by the decree appealed from, except as to 15-117 interest therein of Nancy L. Williams, wife of the tax purchaser, as cotenant therein, have complied with the requirements of the law entitling them to the benefits of said purchase? The deed of such tax purchaser is not absolutely void. It amounts to a redemption only in favor of those who elect in a reasonable time and come in to share the costs and expenses of the tax purchaser. If after notice they make no such election, and stand by passive until the rights of third parties have intervened, or the conditions of the property and its value have been so changed as to make it inequitable to admit them, they will not be permitted to reap the benefits of the purchase.

With respect to the plaintiff Abbott, representing by purchase, according to the decree, 45-117 undivided interest in said tract, we think, a case has been made by pleadings and proof, entitling him to the benefit of the tax purchase pro tanto. In the bill filed he proposes to repay or refund to the tax purchaser Williams, or to defendant Cooper, claiming under him, all taxes, interest, costs and damages paid or incurred by them since the date of the purchase, though as a matter of fact no such tender seems to have been made into court, nor does the decree appealed from ascertain and decree the amount of such taxes, interest, costs and damages, or in any way provide for the payment thereof. But it is conclusively

proven that on September 10, 1902, within one year from the date of his purchase, Williams the tax purchaser executed to Abbott the following receipt: "Received of L. L. Abbott to redeem the taxes on the 61 acres tract of land, owned by John E. Kirk's heirs, and sold by the Court to pay the delinquent tax the amount of $2.70 which pays for three shares of same, this is to certify. that I do agree to release transfer made to me by J. A. Browning.'' This receipt was given before the tax deed was obtained. It was proven by Abbott and his counsel that after this transaction effort was made to shape up the title and to secure to Abbott his interest in the land; and that finally it was agreed that Williams should take the tax deed for the whole property, and then convey to Abbott his interest, in compliance with said receipt and agreement, but that after obtaining the tax deed Williams conveyed the land to defendant Cooper, with notice, however, to Cooper of Abbott's rights, and as Williams represented to Abbott, with the understanding with Cooper that he would make good to Abbott his interest in the land. Cooper's refusal afterwards to convey to Abbott his interest in the land was the occasion for bringing this suit. It is fully proven that after obtaining from Williams the receipt referred to Abbott paid all the taxes on this tract of land for the years 1902 to 1906, inclusive. These transactions between Williams and Abbott we think amounted to an election on the part of Abbott to take the benefit of the tax purchase and bound Williams and also his vendee Cooper.

But as to all the other alleged cotenants no case is presented. Not one is shown to have elected to claim the benefit of the purchase, or to bear the burdens imposed on them by law; not one has intervened in this suit for that purpose, and proposed to pay his share of the taxes, interest, costs and damages, made a condition of the right to redeem. Until they have done so there should be no decree in their favor. It is the duty of all cotenants to pay their proper proportion of the taxes; they must equally bear the burden. One cotenant cannot without authority elect for the others the benefit of a purchase by another; the right is personal to each. Some may not desire to do so. Until they do so elect

the tax purchaser may, we think, stand on his rights as against those not so electing. *Cecil* v. *Clark,* 44 W. Va. 659, 685; *Morris* v. *Roseberry, supra; Buchanan* v. *King, supra; Flat Top Grocery Co.* v. *Bailey,* 62 W. Va. 84, 57 S. E. 302; *Stevens* v. *Reynolds,* (Ind.) 52 Am. St. Rep. 422; Freeman on Cotenancy and Partition, section 156.

For the foregoing reasons we are of the opinion the decree below is erroneous, and should be reversed. When the case goes back the court should ascertain what is due from Abbott, if anything, to Williams or Cooper, and if indebted to them or either of them, should require payment, or condition any decree in his favor, on such payment.

Decree reversed and cause remanded. And the appellant Cooper will recover of the appellees the costs incurred by him on this appeal.

*Reversed and Remanded.*