# CHARLESTON.

MAY CLINE *et als.* v. R. D. BAILEY *et als.*

Submitted November 11, 1919.  Deecided November 18, 1919.

1.  TENANCY IN COMMON—*Taxes—Redemption by Cotenant's Husband for Benefit of Cotenants.*

    If the husband of a cotenant purchases at a tax sale the common land, or the interest of a purchaser thereof before deed obtained, and thereafter obtains a tax deed, such purchase, at the election of the cotenants, or any of them, will be treated as a redemption of the land for the benefit of those who so elect, and that too whether the wife's estate in the land be a common law or separate estate. (p. 141).

2.  TAXATION—*Redemption from Sale—Separate Property of Married Woman.*

    If the real estate of an adult married woman, which is her sole and separate property, is sold for the nonpayment of

taxes thereon, she, like any other adult, must redeem within one year from the sale thereof, and not after, by paying or tendering to the purchaser the sum expended by him therefor. (p. 141).

3.  SAME—*Redemption from Sale—Property of Infant Married Woman.*

But where the disabilities of coverture and infancy co-exist in the owner at the time of the sale of her land, and the former under the statute is not available for her relief by way of extending the time within which she may redeem, she may avail herself of the other to the extent permitted by the statute. (p. 141).

4.  JUDICIAL SALES—*Vacation for Want of Fair and Open Bidding.*

It is in the interest of justice that a judicial sale be so conducted as to yield to the party whose property is being sold the best price that can fairly be had, and any conduct on the part of those actively engaged in the selling or bidding that tends to prevent a fair, free, open sale, or stifle or suppress free competition among bidders is contrary to public policy, vitiates the sale, and constitutes ground for setting it aside upon the complaint of the injured party. (p. 144).

Appeal from Circuit Court, Wyoming County.

Suit by May Cline and others against R. D. Bailey and others. Decree for defendants, and plaintiffs appeal.

*Reversed and remanded.*

*A. A. Lilly,* for appellants.

*Toler & Moran,* for appellees.

LYNCH, JUDGE:

The questions involved in this appeal arose out of a suit instituted by appellants, the heirs at law of Iverson L. Bailey, deceased, for the purpose of obtaining a decree canceling and setting aside three deeds conveying to defendants the tract of land of which their father died seized, and declaring the title to be in them.   The first is a tax deed executed to defendant L. Everel Browning, December 20, 1909; the second, a deed to the same grantee made pursuant to a decree of sale and sale thereunder May 12, 1911, in a suit to partition said land among the heirs at law; the third, a tax deed to defendant R. D. Bailey, dated December 19, 1913.

In 1903 Iverson L. Bailey died intestate seized and possessed of a certain tract found by survey to contain 68.2 acres situate

in Wyoming County, leaving surviving him his widow, who since has remarried, and several children. After his death, L. E. Browning, the husband of one of the children and heirs at law, continued to pay the taxes assessed against the land until the year 1906, when, by agreement between himself and James B. Toler, guardian of the minor children, the land was permitted to be returned delinquent and sold for taxes, at which sale, held December 14, 1908, Browning became the purchaser, and received a deed therefor December 20, 1909. The purpose of the delinquency and resulting sale and purchase, as testified to by both Browning and Toler, and not controverted, was to protect the former in the payment of the taxes and to enable him to claim repayment therefor when the infant children should attain their majority.

On January 8, 1910, suit was instituted in the circuit court of Wyoming County by the widow and certain of the children and heirs at law of Iverson L. Bailey for the purpose of assigning dower to the widow and the partition of the land among his children, pursuant to which it was sold May 12, 1911, to Browning who paid therefor $770, and the court confirmed the sale May 24, 1911, and directed a deed to be executed to the purchaser and the sum received paid to the heirs at law. In 1910, during the pendency of this proceeding and before the decree of sale was entered, the tract again was returned delinquent for the nonpayment of taxes due that year and sold for such delinquency December 9, 1912, to defendant R. D. Bailey, who received a deed therefor December 19, 1913.

This suit, instituted February 12, 1915, was brought to set aside and annul the three deeds, and for the further purpose, incidental thereto, of reviewing and reversing the chancery cause hereinbefore referred to, pursuant to which sale was made to Browning and the second of the deeds sought to be annulled executed to him. The bill and exhibits affirmatively show that some of the plaintiffs are infants and others married women within the exceptions of section 5, ch. 133, and sec 30, ch. 31, Code, which save to such persons under disability one year after the removal thereof in which to assert their claims by way of bill of review and redemption from tax sales, respectively.

When Browning purchased the tract in question in 1908 and

received a deed therefor, he was the husband of one of the co-tenants, and hence his purchase, at the election of any one or more of them exercised within a reasonable time, operated as a redemption of the land and enured to their benefit. *Abbott* v. *Williams,* 74 W. Va. 652. Point 1 of the syllabus of that case is: "If the husband of a cotenant purchase at a tax sale the common land, or the interest of a purchaser thereof before deed obtained, and thereafter obtains a tax deed, such purchase, at the election of such cotenants, or any of them, will be treated as a redemption of the land, and enure to their benefit, and the rule is the same whether the wife's estate in the land be a common law estate or her separate estate." That Browning recognized the paramount character of plaintiffs' rights to the tract clearly appears from the evidence. He distinctly asserts that his only purpose in buying the land was to protect himself in securing repayment of the taxes paid and to be paid by him. The record shows that such was his intention, as also does his acceptance from the cotenants of money in repayment of the expenses incurred by him by reason of the purchase at the tax sale and of all taxes paid by him up to May 22, 1911, thereby acquiescing in and recognizing their paramount claim to the land. He also admits the tender of taxes paid by him after May 22, 1911, but says he declined to receive them till the suit had terminated, thus amounting to a delay of acceptance, not a refusal to accept. There can be no doubt of plaintiffs' right to have the tax deed of 1909 set aside.

Similarly, on February 12, 1914, two months after defendant R. D. Bailey had received a deed for the tract pursuant to the tax sale and purchase by him on December 9, 1912, the plaintiffs tendered to him the full amount expended by him by reason of such purchase. As to some of the plaintiffs the tender was made within one year after the removal of the disability of infancy, or, in some instances, even during such disability, and hence as to them was made within the time permitted to those whose lands are sold for unpaid taxes during their disability. Section 30, ch. 31, Code. Others of the plaintiffs, however, are married women, and may have been such at the time of the sale to Bailey. The closing sentence of section 30 qualifies the right of a married woman owning real estate as her sole

and separate property to redeem, and provides that she must exercise her right of redemption "within the time specified in section fifteen, * * * and not after," which is the general statute covering redemption and requires the owner to redeem within one year from the date of the sale. It is clear that those of the plaintiffs who were married women held their undivided interests in the tract as their sole and separate property. Sections 2 and 3, ch. 66, Code. Hence those who were adult married women at the time of the sale were too late in making the tender of repayment on February 12, 1914, more than one year after the sale. As to the plaintiffs who were married at the date of the sale, but were infants, the closing sentence of section 30 deprives them only of the benefit of their marriage disability, and not of that based upon infancy. The statute allows them one year from the termination of the latter disability in which to tender payment to the purchaser. When two or more disabilities, such as coverture and infancy, coexist in the owner at the time of the sale of her land for taxes, and the former under the statute ceases to be available for her relief at the termination of one year from the date of the sale, she may avail herself of the other to the extent permitted by the statute. *Jones* v. *Lemon*, 26 W. Va. 629; *Blake* v. *Hollandsworth*, 71 W. Va. 387; *Wilson* v. *Branch*, 77 Va. 65; *Blackwell's Admr* v. *Bragg*, 78 Va. 529. We are unable to determine definitely from the record the dates of the birth and marriage of the several plaintiffs. This we leave to the lower court upon the remand of the cause which we are compelled to order, and upon such determination depend the rights of the plaintiffs to redeem. Since the plaintiffs are cotenants in the tract, each owning an undivided interest, those who thus establish their right to redeem can redeem only their own interests, not the interests of others. Section 30, ch. 31, Code. See also *Pickens* v. *Stout*, 67 W. Va. 422, pt. 12 Syl. While section 30 provides for the filing of a petition by those seeking to redeem in case of disagreement respecting the amount to be paid, we shall treat the bill filed in this cause as complying with the provisions of the statute in that respect. Hence the right of those plaintiffs to relief who made the tender within the time specified by the statute, as determined above, is clear, unless the partition proceedings, to which

they were all parties, and the sale to Browning pursuant thereto have divested them of all their interests in the land or taken from them their right to redeem.

In order to set aside a tax deed, complainant must show title in himself in the land sold or other right to exercise the privilege of redemption. *Despard* v. *Pearsy,* 65 W. Va. 140; *State* v. *Mathews,* 68 W. Va. 89; *Lawson* v. *Coal Land Co.,* 73 W. Va. 296. Therefore it becomes important to ascertain whether plaintiffs lost such right by reason of the partition proceedings in 1910-1911 and the sale to Browning. The principal ground of complaint urged by plaintiffs against the action of Browning in purchasing the property in 1911 is the stifling of bidding and the resulting purchase of the tract by him for a consideration which he admits was less than half its value, and which other witnesses say was but little, if any, more than one-third of such value. There can be no doubt that defendant Browning exerted himself to prevent a just and fair sale of the property. This appears from his own testimony and that of others. Witness C. W. Cook says he agreed not to bid on the property in return for a like agreement by Browning respecting a sale of land which he desired to buy, and that the agreement was carried out. Browning himself admits the charges, but attempts to excuse his conduct on the ground that he wished the property to remain in the family. Whatever his motives may have been, and there is testimony to show that he had always dealt fairly with the cotenants, sales based upon such conduct cannot be sustained. It is in the interest of justice that a judicial sale be so conducted as to yield to the party whose property is being sold the best price that can fairly be had, and any action on the part of those actively engaged in the selling or bidding that tends to prevent a fair, free, open sale, or stifle or suppress free competition among bidders is contrary to public policy, vitiates the sale and constitutes ground for setting it aside upon the complaint of the injured party. *McDannald* v. *Wilmoth,* 82 W. Va. 719; *Ralphsnyder* v. *Shaw,* 45 W. Va. 680; 16 R. C. L. 68; 24 Cyc. 28. In the face of this proof and the admissions of Browning that he violated this rule of law, no reason appears why we should not set aside the sale of 1911 on the ground of its invalidity, especially when plaintiffs, before instituting

this suit, tendered to him the full price expended for the land at that sale, a tender which he declined to receive at that time, only because "this money came off the children at the time, and they needed what money they had, and if I would have taken the money from Jim Toler, I knowed the heirs would have run out of money, so I told them to keep the money till later on"; Toler being the guardian of the infants.

With the sale set aside, the right of those plaintiffs who made tender of payment within proper time to redeem the tract from defendant Bailey is clear, and they are entitled to a decree giving them the relief they seek. For these reasons we reverse the decree of the circuit court of Wyoming County, and remand the cause for further proceedings in accordance with this opinion.

*Reversed and remanded.*