CLAUSELL *v.* RILEY.

(Division B. May 27, 1940.)

[196 So. 245. No. 34174.]

W. M. Lofton, of Mendenhall, for appellant.

**Bee King**, of Mendenhall, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Jefferson D. Riley filed a bill in the Chancery Court of Simpson county for the partition of certain lands therein situated, setting forth that John Taylor died seized and possessed thereof, leaving as his heirs-at-law his widow, Fannie Taylor, and his children, Mitchell Taylor, Meddie Taylor, and Dezzie Jackson, Sezzie Berry and Meredith Taylor; these heirs becoming tenants in common of the property described; that after the death of John Taylor an attempt was made to partition the land among these heirs, and that on the 31st day of January, 1931, Fannie Taylor, Meddie Taylor, Meredith Taylor, Dezzie Jackson and Sezzie Berry executed a deed to a part of their inter-

est in a portion of the lands involved to Mitchell Taylor, which was accepted as his interest in them, and the deed was placed of record; that thereafter a deed of trust was placed on a part of the John Taylor lands, the lands embraced therein were sold, and the interests of the cotenants mentioned in the deed of trust were purchased by Jefferson D. Riley; that thereafter the lands involved were assessed to Fannie Taylor, who allowed same to be sold for taxes; that after having lived on the homestead subsequent to the foreclosure, Fannie Taylor married one Clausell, and moved to Copiah county; by which marriage and removal she lost her homestead rights in the property, and became merely a tenant in common with the other heirs of John Taylor. That while in possession of the said lands embraced in the deed of trust, and in the bill, and which were assessed to her, Fannie Taylor permitted them to be sold for taxes due thereon, failing to redeem them within the two years provided by statute; nor did any of the other tenants in common do so. Whereupon the title became vested in the state of Mississippi, and Fannie Taylor purchased the land from the state in her own name. Jefferson D. Riley, buying at the foreclosure sale under the deed of trust, thereby becoming vested with the title of Fannie Taylor and some of the other heirs of John Taylor, became a tenant in common; and after the lands were acquired by Fannie Taylor through purchase from the state, brought this suit for partition.

The defendant, Fannie Taylor Clausell, appeared and demurred to the bill of complaint on several grounds— stating that the bill contained no equity, and that upon its face it showed that the title had been completely vested in Fannie Taylor, now Fannie Taylor Clausell, and was not subject to partition at the suit of Riley. The demurrer was overruled by the Chancellor, and the appellant, Fannie Taylor, refused to plead further, and decree was taken for the partition of said lands, from which decree, as Fannie Taylor Clausell, she takes this

appeal, contending that at the time of her purchase of this property from the state at the tax sale the relation of tenants in common was terminated, and that she was thereafter the sole owner, and not subject to the general rule that a tenant in common, or co-tenant, cannot purchase an interest adverse to the other tenants in common.

It is suggested that in order for the rule to apply, the relation must have existed at the time of the purchase of the property from the state by the appellant. This position cannot be maintained. It was the duty of Fannie Taylor to pay the taxes due on the land, since she was in possession at the time of the tax sale, and as a co-tenant or tenant in common. This duty was breached by her prior to the ripening of the tax title in the state. It was her duty in the first instance to pay the taxes, and failing in that, it then became her duty to redeem the property for the benefit of all the tenants in common, which duty existed at the expiration of the period of two years within which the taxes could be paid under the statute. It is true that the sale for taxes due vested the title in the state completely; but the sale to the state, and the vesting of title in it, did not relieve Fannie Taylor of her duty in the matter, nor did it authorize her to take advantage of that breach of duty as alleged in the bill. It is this duty, constituting a trust relation between tenants in common or co-tenants, which disqualifies one from acquiring interest adverse to the others in the lands; and when she purchased interest in the land at the tax sale, under the state statute she became in legal effect a redemptioner of the lands from the state, and this redemption inured to the benefit of all tenants in common of the estate.

We think reference to the following cases sufficient to sustain this issue: Wyatt v. Wyatt, 81 Miss. 219, 32 So. 317; Beaman v. Beaman, 90 Miss. 762, 44 So. 987; Watson v. Vinson, 108 Miss. 600, 67 So. 61; Coker v. Lewis, 135 Miss. 118, 99 So. 561; Hardy v. Gregg (Miss.), 2 So. 358; Cohea v. Hemingway, 71 Miss. 22, 14 So. 734,

42 Am. St. Rep. 449; Robinson v. Lewis, 68 Miss. 69, 8 So. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254; Jonas v. Flanniken, 69 Miss. 577, 11 So. 319.

It follows that the judgment of the court below must be affirmed.

Affirmed.