WHELCHEL *v.* SOLOMON, et ux.

No. 43707 December 6, 1965 180 So. 2d 642

*W. W. Pierce,* Jackson, for appellant.

*W. E. Gore, Jr., Charles Brewer,* Jackson, for appellees.

ETHRIDGE, P. J.

This suit involves a purchase of homestead land from the holder of tax deed, by a mother occupying a fiduciary relationship to her non compos mentis daughter, who is the wife and tenant in common with her husband. We hold that such purchaser is disqualified to hold title against both the non compos mentis and the latter's

husband, and affirm the decree of the Chancery Court of Hinds County.

This suit was brought by appellees, H. L. Solomon and wife by next friend, against Mrs. Alma E. Whelchel, appellant, for an adjudication that the Solomons were entitled to redeem a parcel of land which sold for delinquent taxes in 1939, and to cancel as a cloud on their title the claim made by Mrs. Whelchel based on the 1939 tax sale. The defendant filed a cross bill seeking confirmation of her title. After a hearing, the chancery court held that Mrs. Whelchel was in a fiduciary relationship to her non compos mentis daughter, Mrs. Solomon, and when she bought the land from the second vendee under a delinquent tax sale, she in effect redeemed it for the benefit of her daughter and her husband.

In 1936 the Solomons purchased the lot as tenants in common, and built a small house on it as their homestead. They failed to pay 1938 taxes, so on September 18, 1939 it was sold for delinquent taxes to D. Seward, who in turn conveyed it to Ralph Landrum in 1942. There was no redemption within two years from the date of sale, but appellees obtained homestead exemptions for the years 1941 through 1944, and paid taxes in their name. In 1945 homestead exemption was disallowed, but in subsequent years to the date of trial H. L. Solomon paid taxes on the land as assessed to Mrs. Whelchel. Mrs. Whelchel purchased from Landrum in April 1945. In March 1945 H. L. Solomon was appointed by the chancery court guardian of his wife. Mary Solomon, a patient at the Mississippi State Hospital, was non compos mentis at the time of the tax sale, and has remained in that condition.

Mrs. Whelchel learned from a third person that Landrum had bought the tax title from Seward. She got it from Landrum to protect her daughter, so that she would have a place to live. Subsequently, she has had fire

and extended coverage insurance on the house. H. L. Solomon remained in possession. He lived on the property and received brief, periodic visits from his wife when the hospital authorities permitted her to come home. Mrs. Whelchel said Mr. Solomon stayed on the property under an agreement with her that he would keep it up and pay taxes. He denied this, contending he had no such agreement, and there was no permissive possession.

Mrs. Whelchel, who was devoted to her daughter, said that she purchased the property from Landrum "to protect my daughter's interest so she would have a roof over her head." Mr. Solomon was not a good business man, and she bought it to protect her daughter and was "keeping it for love of her, . . . I didn't want to trust him with the property." She and her daughter were very close. Mrs. Solomon looked to her for counsel, advise, and partial support. When she was excused from the hospital for short visits, Mrs. Solomon in her mother's care would take medicine and would behave well. Mrs. Whelchel asserted that she did not desire so much to own the property as to protect her daughter, and she bought it on account of her daughter. She had no idea of putting Mary or her husband out of the house. She thought the title would be safer with her than with Mr. Solomon.

Since Mrs. Solomon was non compos mentis at the time of the 1939 tax sale, and remained so, she had the right to redeem her one-half interest under the statutory saving in favor of persons under mental disability. Miss. Code Ann. § 9948 (1946). The chancery court correctly held to that effect. It further found that, as Mrs. Whelchel admitted, there was a confidential, fiduciary relationship between her and daughter; and that acting for her daughter, Mrs. Whelchel redeemed the title for both Mary and her husband. The decree cancelled the tax sale, confirmed title in the Solomons,

and directed complainants to pay defendant all taxes due, plus interest and damages. The court found it unnecessary to pass upon validity of the tax sale or adverse possession.

 The general rule precluding the right of a tenant in common to acquire title to the common property for his own benefit applies where one tenant in common purchases at a tax sale or acquires an outstanding tax title or claim. Clausell v. Riley, 188 Miss. 647, 196 So. 245 (1940); Howard v. Wactor, 41 So. 2d 259 (Miss. 1949); see 86 C.J.S. *Tenancy in Common* § 64 (1954); 85 C.J.S. *Taxation* § 918 (1954). This applies to purchase from a stranger who purchased at a tax sale. Griggs v. Griggs, 218 Miss. 433, 67 So. 2d 450 (1953); Howard v. Wactor, *supra.*

 *A fortiori,* the obligations and duties of husbands and wives to each other create such relations of trust and confidence between them that neither can acquire the property of the other by purchasing it at a tax sale, or from a holder of a tax deed. Wofford v. Wofford, 244 Miss. 442, 463-464, 142 So. 2d 188, 197 (1962); Robinson v. Lewis, 68 Miss. 69, 8 So. 258 (1891); 51 Am. Jur. *Taxation* § 1058 (1944). Moreover, the rule precluding acquisition of tax title by a tenant in common for his own benefit applies to a purchase when made by a husband or wife of a cotenant. Robinson v. Lewis, *supra;* 86 C.J.S. *Tenancy in Common* § 64 (7) (1954). *Robinson* stated that "the rule is founded upon considerations of public policy, and conclusively imputes to the one, as derived from the other, knowledge of those facts the existence of which precludes the other from action." 68 Miss. at 71, 8 So. at 259. Accordingly, where a husband has a life estate in his wife's interest in the common property, a conveyance from the purchaser at a tax sale of the common property to the husband effects a redemption for the benefit of the remainderman as well as the husband. Campbell v. Herod, 193 Miss. 17, 7 So. 2d 880 (1942).

■ ■ The sum of these doctrines is that a person who occupies a position of trust and confidence with respect to another cannot acquire a tax title to the property of the other which is the subject matter of the relationship. Such fiduciary relationship makes it inequitable to allow him to take advantage of that status. In the instant case, Mrs. Whelchel had a fiduciary relationship to her mentally incompetent daughter, who was a tenant in common with her husband. Mrs. Solomon, if she had been mentally competent, could not have purchased the tax title free of the one-half interest of her husband. She would have purchased it for the benefit of herself and him. Mrs. Whelchel, occupying a position of trust with her daughter, acted on behalf of her daughter and as her alter ego in obtaining the tax title. It therefore inured to the benefit of both Mr. and Mrs. Solomon.

For these reasons, the decree of the chancery court is affirmed on both the direct appeal of Mrs. Whelchel, and on the cross appeal of the Solomons, who assert that, if necessary, this Court should pass on the issues of validity of the tax sale and adverse possession. Those questions are not essential for decision here.

Affirmed on direct and cross appeals.

*Gillespie, Rodgers, Brady and Smith, JJ.,* concur.