# CHARLESTON.

MORGAN *et al.* v. POOL *et al.*

Submitted May 11, 1915. Decided June 15, 1915.

CANCELLATION OF INSTRUMENTS—*Instruments—Right of Action—Forfeited Lands.*

A former owner who has lost title by forfeiture to the State, has no real litigable right in the land while the title is so vested. He can maintain no suit in regard to the land while the State has the forfeited title, other than a petition to redeem filed in the special proceeding therefor provided by statute.

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Roane County.

Suit by Amanda J. Morgan and others against W. P. Pool and others. From decree for defendants, plaintiffs appeal.

*Modified and affirmed.*

*R. E. Bills, J. W. Lance* and *Ryan & Boggess,* for appellants.

*Pendleton, Mathews & Bell,* for appellees.

ROBINSON, PRESIDENT:

Amanda J. Morgan and husband conveyed to Pool a small parcel of land. By this suit they seek to cancel the conveyance as having been obtained from them by deception and fraud. Having been denied relief by the circuit court, they have appealed.

By the pleadings and proof it appears that plaintiffs did

not own the land when they conveyed to Pool and would not own it now if the conveyance was canceled. Long before the conveyance to Pool, plaintiffs had allowed the title to the land to become forfeited to and vested in the State. It has not been redeemed. The State has the title. Plaintiffs have no title. The most that they have is a mere grace to redeem. Of that they have not availed themselves. They lost nothing by the conveyance to Pool, and he gained nothing thereby unless it be that the conveyance operated to transfer from the one to the other the mere privilege of redemption which the law accords. Whether it so affected the privilege of redemption, we do not decide. That question belongs to another proceeding—the one which the law has specially prescribed for praying redemption of lands. The land can not be redeemed in this suit. It can only be redeemed in a suit pursuant to the provisions of Code 1913, ch. 105. Until the land is redeemed pursuant to law, neither plaintiffs nor Pool have the least title to it. Nor do we know that they will ever ask the privilege of redemption. Besides, the State may transfer the title so that the privilege to them will be forever gone.

All this being true, what have plaintiffs and Pool to litigate about in this cause? Assuredly nothing. Shall plaintiffs be given a remedy when they have no right? Before they can have what they pray for herein, they must show that the land is theirs, clouded by a deed obtained from them by fraud. A court of equity is not open to do a vain thing. A cancellation of the deed to Pool will not give them the land. Were we to cancel the deel, the land would still belong to the State, and plaintiffs would have nothing more than they now have. It may be said that they should be allowed to have the conveyance canceled so as to settle that they may redeem. But the question who may exert the mere privilege of redemption which the law in its grace accords, belongs exclusively to a suit instituted by the commissioner of school lands. The privilege to redeem has been extended in no other way by the law. A reading of Code 1913, ch. 105, will disclose the policy of confining the question of redemption to the proceeding provided for therein. An independent suit might thwart that policy. Besides, why should we here cancel the deed to Pool so that plaintiffs may redeem, when we do not know

that they will ever ask to do so in the manner prescribed by law or that the privilege can be accorded to them if they do ask it?

That a former owner who has lost title by forfeiture to the State has no litigable right in the land while the title is so vested, is well settled. He can maintain no suit in regard to the land while the State has the forfeited title, other than a petition to redeem filed in the special proceeding therefor provided by statute. He can not maintain ejectment, suit to remove cloud, or other proceeding based on title to the land, for he has no title. The only action which he can take about the forfeited land, is to ask of the State the grace which it may accord if it has not already given the title to one more deserving. *Lawson* v. *Pocahontas Thin Vein Coal Land Co.*, 73 W. Va. 296; *State* v. *Mathews*, 68 W. Va. 89; *Stockton* v. *Craig*, 50 W. Va. 464; *Mathews* v. *Glenn*, 100 Va. 352; *King* v. *Mullins*, 171 U. S. 404.

Plaintiffs have neither a legal nor an equitable right on which they may maintain this suit. The relief for which they prayed was properly denied. But the decree went further and declared "that the defendant W. P. Pool do hold the 1-1/4 acres of land in the bill and exhibits mentioned and described, free from the claims of the plaintiffs and all persons claiming under them." It further adjudicated that an oil lease executed by Pool, covering the land, was a good and valid lease and that Pool should take the royalties thereunder. Evidently the court entertained the suit and passed on the question of fraud, finding in favor of Pool. The record, however, shows no better title or right in Pool than in plaintiffs. Neither of them should be decreed rights in the land, so long as it appears that the title thereto is in the State. Wherein the decree goes further than to dismiss the bill, it is wrong. It will now be here modified by striking from it all adjudication other than the dismissal of plaintiffs' bill, and as so modified it will be affirmed.

*Modified and affirmed.*