# CHARLESTON.

NEAL v. WILSON *et als.*

Submitted January 23, 1917.   Decided January 30, 1917.

1. TAXATION—*Sale—Validity—"Known Claimant."*

   A former owner or claimant of land, having the right of redemption, whose claim is disclosed by the records of the clerk's office of the county court, is a known claimant, within the meaning of Sec. 6, Ch. 105, Barnes' Code, and should be made a party to a suit of the commissioner of school lands for the sale thereof, and, if a resident of the state, served with process. The failure to make such person a party and serve him with notice renders the sale and deed to the purchaser, made in pursuance thereof, void as to him, unless he has voluntarily come into such suit by petition. (p. 484).

2. SAME—*Delinquent Tax Sale—Resale—Parties to Suit.*

   Where the State's title is derived from a tax sale, made in the name of a former owner, but after he had conveyed the land to another who records his title, such grantee should be made a party to the suit of the commissioner of school lands. In such case, the grantee's claim being adverse, as well as superior to that of the former owner, making such former owner a party does not dispense with the necessity of making his grantee a party also. (p. 448).

3.  SAME—*Land Sold for Taxes—Conveyance by State.*

Land purchased by the State at a delinquent tax sale requires no formal conveyance to pass title thereto. The statute, Secs. 25 and 32, Ch. 31, Code, vests in the State such right, title and interest in and to the land as was vested in the person charged with the taxes for which it was sold, at the commencement of, or at any time during the year or years for which said taxes were assessed.  (p. 486).

4.  SAME—*Tax Sale—Redemption.*

The right of redemption is such a substantial equity, or property right, as entitles the owner thereof to file a petition in a school commissioner's proceeding, to have annulled a void decree rendered therein for the sale of land, in respect to which such right to redeem is given, and a deed made to a purchaser in pursuance thereof cancelled. In such proceeding the petitioner may be allowed to redeem, provided title to the land is then in the State.  (p. 486).

Appeal from Circuit Court, Wood County.

Suit by Olin V. Neal against F. S. Wilson and others. From decree for plaintiff, defendants appeal.

*Affirmed.*

*Wm. Beard* and *Bruce Ferrell*, for appellants.

*Merrick & Smith*, for appellee.

WILLIAMS, JUDGE:

Plaintiff brought this suit in chancery against F. S. Wilson, W. E. Bee, Sarah C. Ferrell, and John T. Cooper, late commissioner of school lands of Wood county, and H. B. Dodge, the present commissioner of school lands for said county, praying that certain proceedings brought by the first named school commissioner, in which a certain lot of land, designated as lot No. 3 in E. G. Martin's Addition to Maplewood, a suburb of the City of Parkersburg, was sold and a deed therefor made, pursuant to a decree entered therein, to the three first named defendants, be annulled, and that plaintiff be granted the right to redeem said lot from the State. From a decree granting relief to plaintiff defendants Wilson, Bee and Ferrell have appealed. It being a rule of equity practice to consider the substance rather than the

form of a pleading, plaintiff's bill may properly be regarded as a petition filed in the school commissioner's proceeding.

A. H. Martin owned the lot and, on February 5, 1907, conveyed it to plaintiff and J. W. Wolfe, and, on February 3, 1909, said Wolfe conveyed his undivided interest to plaintiff. Since, and including the year 1907, all taxes charged and chargeable against the lot have been regularly paid by plaintiff. But the taxes assessed on it for the year 1906, in the name of A. H. Martin, who was then the owner, were not paid, and the lot was returned delinquent for the nonpayment of that year's taxes, and was sold in the month of January, 1909, and purchased by the State. In 1911 a suit was instituted by John T. Cooper, commissioner of school lands, in the name of the State against Minnie Burge, and others, to sell a number of tracts and lots of land, title to which was alleged to be in the State, among them the lot in question. Pursuant to that proceeding the lot was sold to appellants and a deed therefor made to them by a special commissioner on the 1st day of July, 1912. Martin's deed to plaintiff and Wolfe was recorded September 5, 1907, and Wolfe's deed to plaintiff for his undivided interest, on February 4, 1909.

The bill does not assail the regularity of the tax sale, and admits the legal title to be in the State, by virtue of its tax purchase. There is no controversy as to the facts, and only legal questions are presented. Logically the first one to be determined is, can plaintiff maintain this suit? The answer to this question depends upon whether plaintiff had such a substantial property right or interest as entitles him to be heard, and, if he once had such right, whether he is estopped to assert it on account of his failure to make it known in the school commissioner's proceeding. Taking up these questions in their inverse order, let us first determine whether he is estopped by the sale and conveyance to appellants in the school commissioner's proceeding. Plaintiff was a resident of Parkersburg during that proceeding, and for many years prior thereto. His deed was recorded before that proceeding was begun, and the land books showed a transfer of the lot from Martin to him. At that time Martin, his grantor, was

79 W. Va.

a non-resident. Such was the situation of the parties and the nature of plaintiff's claim when the school commissioner's proceeding was begun. Martin was made a party, and served by order of publication, but plaintiff was not named in the bill nor served with process, and had no knowledge of the pendency of that suit until after the land had been sold and conveyed to appellants. It is apparent that a mere casual examination of the record would have disclosed plaintiff's claim and, therefore, his right to be made a party. Sec. 6, ch. 105, Code, provides that, in a proceeding to sell the State's lands, the former owner, and "all persons claiming title to or interest in any such lands shall, also, as far as known, be made defendants therein." In this case, it was more important that plaintiff should have been made a party than it was that Martin should have been made a party, for the reason that Martin had conveyed his title to plaintiff, thereby giving him the right to redeem. Plaintiff should have been made a party and, being a resident of the county, served with notice in order to give him an opportunity to redeem his land. The fact that his claim may not have been known to the school commissioner does not excuse that officer's failure to make him a party. It was his duty to ascertain his interest from the records, as it was of such character as to be discovered by the exercise of reasonable diligence. Plaintiff must, therefore, be regarded a *known claimant,* and entitled to be served with process. The failure to give him notice and an opportunity to redeem, renders void the decree for the sale of his lot and the deed to appellants in pursuance thereof. That proceeding did not invest appellants with the title, but left it in the State. *Preston* v. *Bennett,* 67 W. Va. 392. Making Martin a party and proceeding against him by publication, does not affect the right of plaintiff. His claim was then adverse to Martin's. After Martin's conveyance to plaintiff, nothing which the former might do could affect the estate or rights of the latter. Plaintiff was not a *pendente lite* purchaser, and was not represented by Martin, or bound by the decree because, perchance, Martin may be bound. Although the tax sale to the State, for delinquent taxes due by Martin, had the effect to divest plaintiff of his title, previously acquired from

Martin, and vest it in the State, still that does not avoid the necessity of making plaintiff a party. Such divesting of the grantee's title when his land is sold for delinquent taxes · properly chargeable to his grantor, is by virtue of the statute. Secs. 25 and 32, Ch. 31, Code. The State being the purchaser, no formal conveyance was necessary to transfer to it the title, the mere purchase by it and the failure of the owner to redeem within the time allowed, operated to transfer the title. Section 32 operates to vest in the State just such right and title as would have vested in an individual purchaser who had acquired his deed, and section 25 vests in a private purchaser, who has obtained his deed, "such right, title and interest in and to said real estate, as was vested in the person or persons charged with the taxes thereon for which it was sold, at the commencement of, or at any time during the year or years for which said taxes were assessed." Having the title to the lot in 1906, the sale thereof for delinquent taxes of that year in Martin's name, operated to divest plaintiff of the title which Martin had previously conveyed to him.

Although divested of his title by the tax sale, plaintiff still had such a substantial equity or property right, by virtue of his right to redeem, as a court of equity will respect. While, as this court has often declared, the right of redemption is a mere grace extended to the former owner or claimant by the State, still the legislature has seen fit to safeguard such gift by extending to him an opportunity to be heard in defense of it. The power of the legislature to provide for a sale of the State's land, without any judicial inquiry whatever, as was formerly done, must be admitted, still plaintiff's right does not depend upon the power of the State to deny him such right, but rather upon what it has done. It has departed from the method formerly provided, and now requires a suit in equity, which, as section 7 of chapter 105 provides, shall be brought, prosecuted "and proceeded in, and shall be subject to the same rules of chancery practice as other suits in chancery in the state courts of this State, except as herein otherwise provided. In all cases where an order of publication is issued, there shall be therein set out the number of tracts in which non-residents are interested as owners

or claimants, with a general description as to location and quantity of each.''

No one will, for a moment, contend that any substantial property right can be taken from a person, by a decree entered in a chancery suit wherein he has not been made a party and given an opportunity to be heard respecting that right. The general plan provided in Chapter 105, as well as numerous particular provisions thereof, indicates a clear legislative purpose to make the proceeding by a commissioner of school lands a judicial proceeding, a suit in equity, and *inter partes* as well as *in rem,* and a purpose to regulate such proceeding according to the rules and principles governing proceedings in equity generally, in this state, so far as the nature of such proceeding will allow.

It is insisted that a person whose title to the land has become vested in the state has no such right as entitles him to maintain a suit in respect thereto, and there are a few cases which seem to so hold. *Morgan* v. *Poole,* 76 W. Va. 534, and cases cited in the opinion at page 536. Nearly all of those cases, however, were suits either to partition the land, cancel alleged irregular tax deeds therefor, or to avoid alleged fraudulent conveyances, brought by persons whose title was in the state at the time of bringing the suit. They were not brought for the direct purpose of redemption. In *State* v. *Mathews,* 68 W. Va. 90, we held that : ''One having neither title to, nor right to redeem, land can not maintain a suit in equity respecting same.'' This holding implies, at least, that one having the right to redeem may bring a suit for that purpose. The decisions cited in support of the proposition can hardly be regarded as conflicting with our holding in this case, that plaintiff, having the right of redemption, may maintain his petition, filed for that purpose in the school commissioner's suit, even after the land has been therein sold and conveyed to a purchaser.

Such right of redemption is a substantial equity, a property right, and exists as long as the legal title remains in the State. The right is no less important to the claimant because it is a gift from the state, it is his to the exclusion of others notwithstanding. The proceeding to divest the State of its

title being void as to plaintiff, how is his right of redemption to be protected, if he is to be denied a standing in court? The school commissioner would hardly be willing to acknowledge the invalidity of the proceeding, and bring a second suit to sell the land in the absence of directions by the court to do so. Who then would have a right to apply to the court to order him to do so, if not the person owning the right of redemption, and how could such application be made, if not by filing his petition in the suit? But a second proceeding by the commissioner of school lands is not necessary in this instance, because plaintiff has made him, his successor in office and all other parties interested in the land parties to his petition, and they are before the court which has power to protect the interest of the State and determine all the equities of the several claimants, and decree accordingly. Our conclusion is that plaintiff is entitled to maintain this suit, and that the chancellor has power to grant the relief for which he prays.

Appellants rely upon the decision in *McGraw* v. *Rohrbough,* 74 W. Va. 285, as authority for the proposition, that it is not necessary to the validity of the sale, that plaintiff should have been made a party to the school commissioner's proceeding. The claimant of the land, in that case, was made a party and appeared to have been served with process, but he was an infant, and no guardian ad litem had been appointed to represent him in the suit; and no answer filed by or for him, and it was, therefore, contended that the proceeding, as to him, was void, and, because of his infancy, his right to redeem his land from forfeiture was not lost. But we held that the failure to appoint a guardian ad litem for him was an error in procedure only, which was cause for reversal on appeal, if one had been taken in time, but that there was no right of redemption after a sale of the state's land in a school commissioner's proceeding, and no exception in such case on account of infancy. The error complained of in that case was not one of jurisdiction as in this. We furthermore there held that, the sale having taken place prior to the Act of 1905, (Sec. 19, Ch. 105, Barnes' Code), the error was thereby cured. That act cured all errors in school commissioners'

proceedings, committed prior to its enactment, even though they related to matters affecting the court's jurisdiction. But the curative provision of that act does not have a prospective effect, and does not cure the error here complained of. If plaintiff had known of the proceeding to sell his land, he had the right, given by the statute, to come into the suit by petition and set up his claim, and, if he had done so, it would have cured the error in failing to make him a party. But he did not know of the suit, and consequently did not file such petition.

We will affirm the decree.

*Affirmed.*