# CHARLESTON.

### STATE *v.* C. P. YOUNG *et als.*

### Submitted May 9, 1923.    Decided May 15, 1923.

1.  PROCESS—*Requisites of Order of Publication Against Natural Person Stated.*

    Under section 11, chapter 124 Code, an order of publication against a natural person may issue in a cause upon the plaintiff filing an affidavit with the clerk that: (1) the defendant is not a resident of this state; or (2) that diligence has been used by or on behalf of the plaintiff to ascertain in what county of this state the defendant is, without effect; or (3) that process, directed to the officer of the county in this state in which the defendant resides or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed. (p. 1).

2.  SAME—*To Render Service by Publication Valid, Statute Must be Strictly Followed; Order of Publication of Notice Held Invalid.*

    To render service by order of publication valid and binding, the statute must be strictly complied with; an order of publication issued on an affidavit based on the third ground which states that process to answer plaintiff's bill "has been twice delivered to the sheriff of Kanawha County ten days before the return day thereof and has been returned by the sheriff without being executed on the following named persons," naming them, is invalid for two reasons: (1) it fails to state that the persons named reside in or are in Kanawha County, and (2) it omits the words "more than" before "ten days." (p. 2).

3.  SAME—*Affidavit for Order of Publication, Based on Diligence to Learn County of Defendant's Residence, Should set out Facts Showing Diligence.*

    An affidavit for an order of publication based on the second ground, namely, that diligence has been used by or on

behalf of the plaintiff to ascertain in what county the defendant is, without effect, should set out the facts tending to show the exercise of diligence by or on behalf of plaintiff, so that the court can determine whether the required diligence has been exercised. (p. 14).

4.   SAME—*Issuance of Order of Publication of Notice on Inconsistent Grounds.*

The facts necessary to be stated for the issuance of an order of publication on the second and third grounds under section 11, chapter 124, Code, are inconsistent and contradictory; and an affidavit for an order of publication which states facts entitling plaintiff to such order based on both grounds is insufficient and an order of publication issued thereon is invalid. (p. 15.)

5.   SAME—*Requisites of Affidavit to Warrant Issuance of Order of Publication Stated.*

An affidavit to warrant the issuance of an order of publication under section 11, chapter 124, Code, should show in some way that the party against whom the order is sought is a defendant to the suit in which the order is to issue, and also the court in which the suit is pending. (p. 15).

6.   JUDICIAL SALES—*Purchaser Must Look, not Only to Record of Decree, But to Writ to Determine Court's Jurisdiction.*

A purchaser at a judicial sale is charged with notice of everything appearing on the face of the record affecting the title acquired by him; in a case where there is a decree of sale by default the writ on which it is based is part of the record, and the purchaser at a judicial sale under such decree must look not only to the record of the decree but also to the writ to see whether the court had jurisdiction to enter it. (p. 15).

7.   TAXATION—*Owner of Land Subject to Forfeiture for Non-Payment of Taxes Held Entitled to Redeem for Defective Summons.*

In a suit by the Commissioner of School Lands against numerous parties to sell various parcels of land as forfeited for the non-payment of taxes, a summons is issued, and the sheriff returns it executed as to part of the defendants, not found as to the others, but not served for lack of time as to the greater number of them, though many of them are well known residents of his county; an alias summons is issued upon which no return is made; plaintiff then files an affidavit stating that "process to answer the plaintiff's bill," styling the suit but omitting the court in which it is pending, "has been

twice delivered to the sheriff of Kanawha County ten days before the return day thereof and has been returned by said sheriff without having been executed on the following named persons; and also that diligence has been used on behalf of the plaintiff in said cause to ascertain in what county the following named persons are, without effect," naming the persons but in no wise connecting them with the cause as defendants; an order of publication is issued on such affidavit and without appearance of claimant or notice to him, other than by such publication, his land is decreed to be and is sold and the purchaser obtains a deed therefor; upon petition of the claimant, though filed in the cause at a subsequent term, showing valid title thereto, subject to the forfeiture, the owner is entitled to redeem his land, the decree of sale being void.  (p. 9).

Appeal from Circuit Court, Kanawha County.

Suit by the State against C. P. Young and others to sell certain lands claimed forfeited for non-payment of taxes. From a decree permitting F. G. Morrison, owner of a part of the land, to redeem, the purchaser, John H. Linn, appeals.

*Affirmed.*

*Robert Linn,* for appellant.

*S. L. Flournoy* and *Murray Briggs,* for the State.

MEREDITH, JUDGE:

This suit involves the right of F. G. Morrison, as owner of a lot of land in the city of St. Albans, to redeem it from forfeiture as against the right of John H. Linn, purchaser thereof under a decree of sale, and deed therefor made by the court in a suit brought by the Commissioner of School Lands for Kanawha County. The court permitted Morrison to redeem and Linn appeals.

On July 2, 1921, M. M. Robertson, Commissioner of School Lands, instituted a suit in chancery in the circuit court against C. P. Young and 177 other defendants to sell, under the provisions of chapter 105, Code, for the benefit of the school fund, some sixty or more parcels of land, claiming that they were forfeited for the non-payment of taxes. Among these defendants were L. B. Richmond, Thomas E. Good and F. G. Morrison. Process was issued to the sheriff of Kanawha County, July 2, 1921, returnable to August

Rules. It was returned "executed" as to some fourteen defendants, "not found" as to eight others, and "not served for lack of time" as to the others, including among the latter number Richmond, Good and Morrison. The dates of these various returns range from July 20th to July 28th. The original process was probably returned to the clerk's office on the first Monday in August, in accordance with the writ. Among those not served were some widely known corporations and some of the best known citizens of the county. Later an alias summons was issued but it is missing from the files, and, so far as the records of the clerk's office show, no return was made thereon. September rules, 1921, fell on September 6th, the first Tuesday; the 5th being Labor Day. On September 7th, an order of publication was awarded on affidavit, as to a number of parties; included in that list were Richmond, Good and Morrison. The portion of the affidavit material to this inquiry is as follows:

"State of West Virginia,
    Kanawha County, to-wit:
    P. H. Murphy, being by me first duly sworn, says that process to answer the plaintiff's bill in the chancery cause of State of West Virginia v. C. P. Young et al., has been twice delivered to the sheriff of Kanawha County ten days before the return day thereof and has been returned by said sheriff without having been executed on the following named persons: and also that diligence has been used on behalf of the plaintiff in said cause to ascertain in what county the following named persons are, without effect": (Here follows a list of some fifty-odd parties, including Richmond, Good and Morrison; then the names of some parties alleged to be non-residents and others as parties unknown; the affidavit concludes with affiant's signature and the jurat).

September 7th was Wednesday. The order of publication was published and posted, and a proper return thereof made; the first publication was on September 8th, the last publication was completed September 29th. The September term of court began September 12th and continued beyond November 17th. On November 7th an order was entered allowing various claimants to redeem certain parcels. On November

17th an order was entered referring the cause to a commissoner in chancery, directing him to ascertain whether the parcels not theretofore redeemed were forfeited, stating the cause, for what years, and in whose name; the description, location, quantity, and if forfeited, the name of the former owner, and the name of the party entitled to redeem; the amount of taxes, interest and costs unpaid properly chargeable against each parcel found forfeited; and he was directed to publish a notice of the commencement of his report thereunder for four weeks, including therewith a copy of the, decree. The commssioner completed his report on January 11, 1922, gave notice of its completion to counsel for plaintiff and defendants appearing of record in the cause that it had been completed and would remain in his office for ten. days for inspection and it remained there until January 24th. On the next day a decree was entered in the cause, the court then being in its regular January term, confirming the report and decreeing that Tract No. 51, being lot No. 11, of Block ''H'' of Holley Addition to St. Albans, in St. Albans Independent District, and the same lot which was conveyed to L. B. Richmond by St. Albans Land Company by deed dated July 11, 1912, and recorded in Deed. Book No. 137, page 427, was forfeited to the state for non-payment of taxes charged thereon for the year 1917, in the name of L. B. Richmond and was liable to sale for the benefit of the school fund; that the amount of taxes, interest and. costs properly chargeable against the lot was $59.50, which was the amount necessary to redeem it from forfeiture, and that L. R. Richmond, Thomas E. Good and F. G. Morrison were each entitled to redeem the same; that the title to the lot was forfeited to and vested in the state, subject to the right of redemption and the Commissioner of School Lands was directed to make sale thereof at public auction to the highest bidder, after notice as provided by the decree. On March 1, 1922, (at the same term) his report of sale was filed, showing he had sold the lot on February. 25th to John H. Linn for $200 cash, and that same day the sale was confirmed and the commissioner was directed to convey to the purchaser all the right, title and interest of the state in the lot as was vested in it

by reason of the forfeiture. The next day the commissioner executed a deed for the lot, conveying it to the purchaser, John H. Linn, who promptly filed it for record.

The January, 1922, term of court adjourned March 18th; at a special term, on April 3, 1922, F. G. Morrison filed his petition in the cause, setting up substantially the matters herein mentioned, and in addition thereto stated that L. B. Richmond, the former owner of the lot, for whose default in payment of taxes the title was declared forfeited, had conveyed it to Thomas E. Good by deed dated August 24, 1917, and that Good conveyed it to Morrison January 10. 1918; that Good became bound to pay all the back taxes, and would have paid them, but he was called into the military service of the United States and there remained from April, 1918, to April, 1919, during which period the delinquency occurred; that petitioner has a valid and superior title to the lot, subject only to the forfeiture by the state for its taxes; on the petitioner's prayer, process was issued by order of court against the Commissioner of School Lands, John H. Linn, and one J. F. Bedell, the latter being either Linn's agent or claiming the benefit of Linn's purchase. This process was returnable to the next regular term of court. Petitioner avers that the decree of sale of his land is void for a number of reasons, but principally because of want of notice to him, and directs attention to the affidavit on which the order of publication was based. The purchaser contends that the affidavit is sufficient, and that the court had jurisdiction; that therefore, the decree of sale is not void, and he is protected in his title as a bona fide purchaser for value. This involves a construction of section 11, chapter 124, Code.

The statute says: "On affidavit that a defendant is not a resident of this state; or that diligence has been used by or on behalf of the plaintiff to ascertain in what county he is, without effect; or that process, directed to the officer of the county in which he resides or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed; or that defendant is a corporation, and that no person can be found in the county

upon whom the process can be legally served, an order of publication may be entered against such defendant.''

In case defendant is a natural person, and that is the case here, the statute provides that the affidavit shall state either one of three facts: (1) that the defendant is a non-resident of this state; or (2) that diligence has been used by or on behalf of the plaintiff to ascertain in what county the defendant is, without effect; or (3) that process, directed to the officer of the county in which the defendant resides or is, has been twice delivered to such officer more than ten days before the return day, and has been returned without being executed. An examination of the affidavit already quoted discloses, not one but two statements of fact: (1) that process to answer the plaintiff's bill has been twice delivered to the sheriff of Kanawha County ten days before the return day thereof and has been returned by the sheriff without having been executed, on the following named persons; and (2) also that diligence has been used on behalf of the plaintiff in said cause to ascertain in what county the following named persons are without effect. The first ground or statement of fact is clearly insufficient. The language of the statute is ''or that process, directed to the officer of the county in which he (the defendant for whom the order of publication is sought) resides or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed.'' To procure the order of publication for this cause by stating that the process has been twice delivered to the sheriff of Kanawha County the affidavit must state that the defendant resides in or is in that county; this it fails to do. It must also show that the process has been twice delivered to the officer not merely ten days, but ''more than ten days before the return day.'' It omits the words ''more than.'' This statement is not even a substantial compliance with the statute and authority to award the order of publication can not rest upon the ground. The second statement of fact is ''that also diligence has been used on behalf of the plaintiff in said cause to ascertain in what county the following named persons are, without effect.'' Now the original and alias summonses were issued to the sheriff of Kanawha County. In stating his first ground, he

omitted stating that "the process directed to the officer of
the county in which they reside or are has been twice delivered
to such officer ,more than ten days before the return day,
without being executed," because had he done so that would
have been clearly inconsistent with his statement in the
second ground that "diligence has been used on behalf of
the plaintiff to ascertain in what county they are, without
effect." But while he did not say so, we think it can be
reasonably inferred that he meant to say so; otherwise there
would have been no attempted statement for the first ground.

But it occurs to us that a more important question is pre-
sented. The second statement says "that diligence has been
used on behalf of the plaintiff in said cause to ascertain in
what county the following named persons are, without
effect." The query arises whether the affidavit for the
issuance of an order of publication on this ground should not
go further and state facts from which the court can say
whether diligence has been used to ascertain in what county
the persons are; or whether the mere general statement in
the language of the statute is sufficient. We do not find that
this question has been determined in either of the Virginias,
but it has been in a great number of other jurisdictions.
Under some statutes it is specifically required that the affi-
davit set out the acts constituting diligence on plaintiff's
part so that the court can determine whether diligence has
been exercised. This is true in California, Minnesota, and a
number of other states. In these states, if the affidavit fails
to state the facts tending to show diligence on plaintiff's
part to ascertain where defendant resides or is or why
service of the writ can not be had upon him, the order of
publication will be held invalid. See 32 Cyc. page 478, cases
cited; also, *Grigsby* v. *Wopschall,* 25 S. D. 564, 127 N. W.
605, 37 L. R. A. (N. S.) 206, and notes. Under other
statutes, substantially like ours, which do not in terms have
any such requirement the courts hold nevertheless that it is
insufficient merely to aver that after due diligence the de-
fendant can not be found within the state, or that diligence
has been used by the plaintiff or on his behalf to ascertain
in what county he is, without effect; but that the acts done
by or on behalf of plaintiff must be stated. For example,

the Oklahoma statute read: "Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication." The Supreme Court of that state, in *Romig* v. *Gillett,* 10 Okla. 186, held that a decree upon order of publication which was issued on an affidavit, stating affiant's belief that defendant was a non-resident of the state and that "plaintiff is unable by using due diligence, to obtain service on the said defendants within the Territory of Oklahoma," was void. On appeal to the Supreme Court of the United States, that holding was affirmed, the court saying:

> "Under §§3950, 3951 and 3955 of the statutes of Oklahoma where a judgment of foreclosure and sale of land in Oklahoma Territory is based upon service of the summons by publication, the facts tending to show the exercise of due diligence in attempting to serve the defendant within the Territory must be disclosed in the affidavit on which the order for service by publication is based." *Romig* v. *Gillett,* 187 U. S. 111, 23 Sup. Ct. Rep. 40.

The law is thus stated in 17 A. & E. Ency. Pl. & Pr. page 63: "It is generally held that a mere allegation that personal service can not be made after due diligence is only the statement of a legal conclusion and not sufficient to authorize publication. The affidavit should state facts showing what diligence has been used to obtain personal service. And so, if the facts stated by the affidavit are not inconsistent with the presence or residence of the defendant in the state at the date of the affidavit, it is insufficient."

Now from the record in this case it appears to us that the absence of diligence is disclosed on its face. The original summons was returned by the sheriff unexecuted for lack of time as to more than one hundred and fifty of the defendants, including in that number the three who were entitled to redeem the lot in controversy. The second or alias summons was not returned at all; at least the record does not disclose that it was returned. The decree of sale was obtained by default; there was no appearance by the three persons

entitled to redeem. In such case the writ became a part of the record. The purchaser of the lot became charged with everything appearing on the face of the record affecting the title acquired by him. *New Eagle Gas Coal Co.* v. *Burgess,* 90 W. Va. 541, 111 S. E. 508. Plaintiff attempted to obtain an order of publication on two different and wholly inconsistent grounds. He states that process had been twice delivered to the sheriff of Kanawha County, ten days before the return day and that it had been returned unexecuted. Why was it issued to Kanawha County? . Because plaintiff thought defendants resided there or might be found there. The sheriff did not return them "no inhabitants." He said he had not served them because of lack of time. As was said in *U. S. Oil and Gas Well Supply Co.* v. *Gartlan,* 65 W. Va. 689, 64 S. E. 933, "The returns of 'not found' made by the officer on the original writs, import that the defendants resided in Wood County," the writs being directed to the sheriff of that county. See also *State* v. *Keller,* 74 W. Va. 217, 81 S. E. 972. Then without a return of the second summons, issued to the sheriff of the same county, and whose return on the original summons imported that the defendants resided or were in that county, plaintiff files an affidavit that diligence had been used on his behalf to ascertain in what county the defendants were, but without effect. It seems to us that this last statement is contradicted by the record itself, and that the affidavit of diligence is wholly insufficient as a basis for the order of publication. One other defect in it should be noted. There is not a word in it showing the court in which the suit of *"State of West Virginia* v. *C. P. Young et als.,"* was pending, or that the persons against whom the order of publication was sought were defendants to that suit. No where in the affidavit are they mentioned as "defendants" to that or any other suit. They are not in terms in any wise connected with it. The only reference made to them is "the following named persons." The statute uses the term "defendant" and there should be language in the affidavit which should show in substance, at least, that the persons against whom the order is to issue are defendants to the suit in which the order issues. This statute

must be strictly construed. *Styles* v. *Laurel Fork Oil & Gas Co.*, 45 W. Va. 374, 32 S. E. 227.

Now the facts in this case show that there was a dwelling on the lot, which was occupied by Morrison's tenant. Morrison knew nothing of the proceedings until his property had been sold and the purchaser had recorded his deed. The purchaser sent a man to Morrison's tenant to collect rent. It was through the tenant that Morrison obtained his first information of Linn's claim to the lot. He then got busy. It clearly appears, however, that Morrison had lived in Kanawha County for more than fifteen years; owned property, paid his taxes on other property, but was told there were none assessed in his name on this property but that it would later be back-taxed. It is shown that the property is worth $3000, and sold for $200.00. The court decreed that Morrison might redeem it; that the purchaser should be restored his $200.00. This is equity. The decree is affirmed.

*Affirmed.*