GUSTAV ELMER WHITE *v.* WALTER WICKHAM & SON, INC., *et al.*

(No. CC 462)

Submitted September 20, 1932.   Decided September 27, 1932.

*McKee & McKee,* for plaintiff.
*Herman A. Hundt* and *A. E. Bryant,* for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of a bill, the primary object of which is to have a school commissioner's proceeding re-opened for the purpose of permitting plaintiff, in whose name a certain tract of land was at the time of its sale to the state for non-payment of taxes, to redeem same.   A demurrer to the bill was overruled, and the ruling certified here.

It apears from the allegations of the bill that the plaintiff was proceeded against by publication, when he, in fact, was for a long time prior to the commencement of the suit, and up to the time of filing of his bill, an actual occupant of the property in question, and on the premises on the date of the sheriff's return to the effect that he was not in his bailiwick.

Since plaintiff no longer contests the state's title in the property, the only question before us is whether or not the alleged irregularity in service is cured by Code 1931, 37-3-34. Demurrant claims that the property owner's right is a mere grace, and being such, could be taken away at will by the

legislature, quoting from *Morgan* v. *Pool,* 76 W. Va. 534, 536, 85 S. E. 724, to support him. A somewhat similar statement appears in *State* v. *Mathews,* 68 W. Va. 89, 97, 69 S. E. 644. However, the court, in *Neal* v. *Wilson,* 79 W. Va. 482, 487, 92 S. E. 136, lays down the proposition that the owner in whose name the property was at the time of forfeiture to the state, has a right of redemption, and that such right is such a substantial equity, or property right, as entitles him to file a petition in a school commissioner's proceeding, to have annulled a void decree rendered therein for the sale of land, in respect to which such right to redeem is given, and a deed made to a purchaser in pursuance thereof cancelled. In that case the plaintiff, a known claimant within the meaning of the statute, was not named in the bill or served with process, and had no knowledge of the pendency of the suit until after the land had been sold and conveyed.

This court has recognized and applied the principle laid down in *Neal* v. *Wilson, supra,* in later decisions. *Ellis* v. *Hager,* 87 W. Va. 313, 104 S. E. 607; *State* v. *Young,* 94 W. Va. 7, 117 S. E. 688. In the former, the court held that where known claimants, within the meaning of the statute, should have been, but were not, made parties to the proceeding, and did not voluntarily become such parties by petition, the final decree was not binding as to them, and the entire proceeding and sale thereunder, together with subsequent deeds based thereon, might be set aside at their suit. In the *Young* case, where the service did not meet the statutory requirements; the court held that the owner, though his petition was filed at a subsequent term, upon showing valid title to the property, subject to the forfeiture, was entitled to redeem his land, the decree of sale being void.

Plaintiff avers in his bill that he had no notice of the school commisioner's proceeding until some time after a deed had been executed, and then only on notice by the purchaser for him to vacate the premises. The trustee, to whom the purchaser conveyed shortly thereafter for the purpose of securing a loan, and the *cestui* thereunder, stand on no higher footing than the purchaser.

The right of redemption vested in the plaintiff upon the acquisition of title by the State through sale of the property to it for non-payment of taxes. The legislature having bestowed such a right upon claimant, could not by a subsequent act take it away. To do so would be in violation of the due process clause of our Constitution. We are of opinion that the legislature did not intend to affect such vested rights by the curative statute, Code 1931, 37-3-34, especially in view of 63-1-2, wherein it is specifically provided that all enactments contained in the Code as revised shall not affect any "established right, accrued, or accuring, before the day this Code takes effect."

We, therefore, are of opinion that the chancellor properly overruled the demurrer, and so certify.

*Affirmed.*