GEORGE R. EVANS

*v.*

ELBERT O. HALE, COMMISSIONER, *etc., et al.*

(No. 10042)

Submitted September 21, 1948. Decided November 23, 1948.

*Martin & Martin,* for appellant.

*H. E. DeJarnette,* for appellees.

HAYMOND, JUDGE:

In April, 1946, the plaintiff George R. Evans instituted this suit in the Circuit Court of Mercer County against

the defendants Elbert O. Hale, Commissioner of School Lands of that county, M. A. Ailiff, John H. Whittaker, Viola Whittaker, Jodie Whittaker, Virginia Whittaker and B. H. Reed, Jr. In his bill of complaint the plaintiff asserts that all proceedings for the sale of real estate which he claims to own, and the sale of the property, made by Hale as Commissioner of School Lands, in a suit instituted in 1931 in the Circuit Court of Mercer County to sell lands in that county for the nonpayment of taxes, are void as to the plaintiff; that a deed for the real estate made by the Commissioner and the purchaser, M. A. Ailiff, to John H. Whittaker, the nominee of the purchaser, and subsequent deeds made by John H. Whittaker and Viola Whittaker, his wife, to Jodie Whittaker, their son, and by Jodie Whittaker and Virginia Whittaker, his wife, to B. H. Reed, Jr., who now claims title to the land, are also void; and that the deeds should be set aside and canceled as a cloud upon the title of the plaintiff.

All the defendants, other than M. A. Ailiff who died prior to the institution of this suit, were duly served with process but none of them, except the defendant B. H. Reed, Jr., appeared or answered the bill of complaint which, as to the defendants who were served and did not appear, was taken for confessed.

The case was heard upon the bill of complaint and its exhibits, the answer of the defendant B. H. Reed, Jr., and its exhibits, and a statement of facts agreed to by the plaintiff and the answering defendant. Upon the hearing on the merits the circuit court denied the relief prayed for by the plaintiff and, by final decree entered June 11, 1947, dismissed the suit and awarded costs against him. From that decree this appeal was granted by this Court upon the petition of the plaintiff.

The material facts which, as already indicated, are embraced in a written stipulation between the plaintiff and the defendant B. H. Reed, Jr., are not in dispute and the only questions involved are questions of law.

In October, 1922, while a resident of McDowell County, West Virginia, the plaintiff purchased the land in ques-

tion, which consists of two unimproved lots designated as 12 and 14, in Section 1120 of lots of the South Bluefield Land Company in Mercer County, West Virginia, from Bose G. King and wife who by deed dated October 30, 1922, conveyed the property to the plaintiff. The deed was properly recorded on November 2, 1922, and the lots were assessed for taxation in the name of the plaintiff for the years 1923 to 1938.

In 1926 the plaintiff removed from McDowell County to the City of Knoxville, Tennessee, where he continued to reside until he returned to McDowell County in 1933. During his absence as a nonresident of this State, his land became delinquent for the nonpayment of taxes assessed against it for the years 1928, 1929, 1930 and 1931, the amount of the unpaid taxes being $53.75. After his return to McDowell County in 1933, the plaintiff undertook to redeem the land and paid some of the delinquent taxes to the Auditor. He also paid the taxes assessed to and including the year 1938. For the years 1939 to 1943, the land was assessed in the name of the defendant John H. Whittaker and for the years 1944 to 1946 in the name of the defendant B. H. Reed, Jr. The plaintiff has paid no taxes which have become due and payable after 1938, but he offers to refund the amount of the taxes which have accrued since that year to such defendants as have paid them.

In 1931, while the plaintiff was a resident of the State of Tennessee, the defendant Hale, Commissioner of School Lands in Mercer County, caused the institution of a suit in the circuit court to sell lands in that county for the benefit of the school fund. The style of that case, which is still pending, is State of West Virginia against Ashworth and others, and the plaintiff was proceeded against as a defendant in the suit. Upon an affidavit executed by Hale and filed in the case an order of publication was issued and published against Evans who was designated as one of the defendants. The affidavit for the order of publication stated that process for certain named defendants, including Evans, had twice been delivered to the Sheriff of Mercer County, in which county they resided,

more than ten days before the return day and had been returned by the sheriff without having been executed. Though Evans had at no time been, in fact, a resident of Mercer County, he was proceeded against in the order of publication as a resident of that county and not as a nonresident of West Virginia and the order of publication did not set out the number of tracts of land to be sold in which he was interested as owner or claimant or a general description of the location and the quantity of each as required with respect to a nonresident by the applicable statute then in force. Code, 1931, 37-3-18.

Evans was not personally served with process and he made no appearance in the suit. He did not know of the proceedings in the case or that his lots had been sold by the Commissioner and conveyed by him and the purchaser to John H. Whittaker or of the deeds from Whittaker and wife to Jodie Whittaker and from Jodie Whittaker and wife to Reed until after the deeds had been recorded. The deed from Hale, Commissioner, to John H. Whittaker in which Ailiff the purchaser at the sale joined, was dated November 7, 1932, but it was not admitted to record until February 28, 1938. The deed from John H. Whittaker and wife to Jodie Whittaker was dated July 8, 1941, and the deed from Jodie Whittaker and wife to Reed was dated July 3, 1943. These two deeds were recorded together sometime after the date of the second deed. After 1940 Evans received no tax statements. In seeking the reason he consulted an attorney who investigated the situation and from him learned of the sale of the lots by the Commissioner of School Lands, the proceedings in the suit to sell the land, and the deeds under which the defendant Reed claims title. He then instituted this suit.

The plaintiff asserts that the order of publication in the delinquent land suit by which he was proceeded against as a resident of Mercer County was fatally defective; that all proceedings in that case, including the sale, were void as to him; that the sale and the conveyances of his two lots did not operate to pass title to the defend-

ant Reed; and that the plaintiff is entitled to have the deeds set aside as a cloud upon his title.

The defendant Reed, who alone appears and contests the claim of the plaintiff in this suit, rests his defense on the ground that all the proceedings in the first suit were regular on the face of the record and that they are valid and binding upon the plaintiff as a defendant in that suit.

It is conceded that neither the defendant Reed nor any of his predecessors in title has had actual possession of the lots under the deeds as color of title, and that no question of actual and continuous possession under color of title and payment of taxes within any of the provisions of Article XIII, Section 3 of the Constitution, is involved. The only issues presented are whether the proceedings in the suit in which the lots were sold by Hale, as Commissioner of School Lands, including the sale, based upon the order of publication, were void in so far as they affect the plaintiff and whether the deeds based upon the sale may be canceled and set aside as a cloud upon his title to the land.

The pertinent portions of the statute dealing generally with the requirements of service of process by publication are in these words: "On affidavit that a defendant * * * is not a resident of this State, * * * or that process, directed to the officer of the county in which he resides or is, has twice been delivered to such officer more than ten days before the return day, and been returned without being executed, an order of publication may be entered against such defendant." Code, 1931, 56-3-23. Section 7 of Chapter 105, Code, 1923, carried into the Code of 1931 as Section 18, Article 3, Chapter 37, relating to procedure in a suit for the sale of land for the benefit of the school fund, in effect at the time of the institution of the suit in which the land of the plaintiff was sold by the Commissioner but since repealed, contained this provision: "In all cases where an order of publication is issued, there shall be therein set out the number of tracts in which non-residents are interested as owners or claimants, with a general description as to location and quan-

tity of each." This positive statutory requirement, which referred specifically to land of a nonresident subject to sale in that kind of suit, was not complied with or satisfied as to Evans who, at the time the order of publication was issued, was not and never had been a resident of Mercer County but was in fact a nonresident of this State. It is evident that through mistake he was believed to be a resident of that county and that he was proceeded against in the suit on that basis. The order of publication was totally defective and void and it did not constitute valid service of process as to him. Strict compliance with the statute is required to render service by order of publication valid and binding. *State* v. *Young,* 94 W. Va. 7, 117 S. E. 688; *Haymond, Trustee,* v. *Camden,* 22 W. Va. 180.

A decree in a suit should not be rendered which affects the interest of an absent defendant when it does not appear that he has been regularly proceeded against by order of publication or brought before the court by other process. *McCoy's Exor.* v. *McCoy's Devisees,* 9 W. Va. 443. A person is not bound by a judgment in a judicial proceeding unless he has had his day in court. *Holden* v. *Boggess,* 20 W. Va. 62. The order of publication was of no effect as to Evans. He did not appear in the suit and he was not brought before the court by the service of any valid process. He had no opportunity to be heard without which he could not be bound by any decree rendered by the court in the cause. *Haymond, Trustee,* v. *Camden,* 22 W. Va. 180. He did not have his day in court. "Judicial sales, made under decrees, for sale of property, where the owner has not had a day in court, are void for want of jurisdiction, if the proceeding in which the decree is made be an adversary one, so as to entitle the party in interest to notice." Rorer on Judicial Sales, Second Edition, Section 501. A void judgment is no judgment at all. It is a mere nullity and may be assailed in any court whenever any claim is made or any right is asserted under it. *Calvert* v. *Ash,* 47 W. Va. 480, 35 S. E. 887. Judicial proceedings, in a suit instituted in the name of the State of West Virginia against delinquent corporations to enforce payment of license taxes, based upon process not

issued by the clerk of the court and acceptance of service by the Auditor of West Virginia, are void and may be collaterally attacked. *Nicholas Land Company* v. *Crowder,* 127 W. Va. 216, 32 S. E. 2d 563; *State* v. *A. R. Kelly & Co.,* 127 W. Va. 418, 33 S. E. 2d 230; *Blooming Rose Coal Co.* v. *White,* 128 W. Va. 502, 37 S. E. 2d 455; *Big Laurel Coal Co.* v. *Workman,* 128 W. Va. 502, 37 S. E. 2d 455; *The Baird-Gatzmer Corporation* v. *Henry Clay Coal Mining Company,* decided simultaneously with this case. In *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 A. S. R. 959, in which numerous questions were decided, this Court held that a judicial sale which the court lacked jurisdiction to decree was void; that a cloud upon title to land may be removed in equity by vacating a void judicial sale and a deed under it; and that a person who purchases land from a purchaser of the land at a judicial sale under a decree which is void for want of jurisdiction is not a bona fide purchaser without notice. The proceedings affecting the lands of the plaintiff in the suit in the Circuit Court of Mercer County and the ensuing sale and conveyances under which the defendant Reed claims title may be collaterally assailed in a suit instituted for the purpose of setting them aside. See *Preston* v. *Bennett,* 67 W. Va. 392, 68 S. E. 45; *Neal* v. *Wilson,* 79 W. Va. 482, 92 S. E. 136; *Ellis* v. *Hager,* 87 W. Va. 313, 104 S. E. 607; *Asbury* v. *Atkins,* 107 W. Va. 628, 149 S. E. 831; *Bank of Quinwood* v. *Becker,* 119 W. Va. 534, 194 S. E. 849.

The defects in the proceedings were not cured by Section 34, Article 3, Chapter 37, Code, 1931, which was in effect at the time of the sale but which has since been repealed. This Court has held that the provisions of that section did not affect the prior vested rights of an owner in whose name the property stood at the time of its sale to the State. *White* v. *Wickham,* 112 W. Va. 576, 165 S. E. 805. The statute relating to sale of lands for the school fund, recently enacted and now in force, Chapter 160, Acts of the Legislature, 1947, Regular Session, which states the present requirements of an order of publication in a suit for that purpose and contains provisions curative

of irregularities in the present procedure, does not, of course, apply to the proceedings previously had in the suit in which the land of the plaintiff was sold.

The defendant Reed contends that as the affidavit and the order of publication and the proceedings based upon them were regular in form, he and the purchaser under whom he claims were not required to look beyond or outside the record in the suit in which the sale was made, and that the sale and the deeds are valid and vest him with title to the land. This contention is groundless. A plaintiff must bring before the court, by service of process in one of the methods provided by law, a defendant who does not appear and, until that has been done, no valid decree which affects his rights can be rendered in any judicial proceeding. In the case of *Haymond, Trustee,* v. *Camden,* 22 W. Va. 180, the opinion contains this pertinent statement: "Jurisdiction is indispensable to the validity of all judicial proceedings. There are two elements of jurisdiction; first, that of the subject-matter, and, second, that of the person or thing against which the judgment or decree operates. * * *. Both elements are prerequisite and must exist before the court can render a valid judgment or decree, and if either is wanting all subsequent proceedings are void however regular they may be. These principles are elementary and require no citation of authority to verify them."

The decree of the Circuit Court of Mercer County is reversed and this cause is remanded to that court for further proceedings in accordance with the principles stated in this opinion.

*Reversed and remanded.*